## No. 27294

**Earl & Sons Tire Center, Inc., a Colorado Corporation v. The City of Boulder, Board of Appeals, and the Members Thereof, and The Building Official of the City of Boulder, and the Fire Chief of the Bureau of Fire Prevention of the City of Boulder**

(559 P.2d 236)

Decided January 31, 1977.

Zook, Love & Locke, Edgar R. Locke, for plaintiff-appellant.

Walter L. Wagenhals, City Attorney, Kirk Wickersham, Jr., Assistant, for defendants-appellees.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is an appeal from a Boulder County District Court order requiring that the appellant, Earl & Sons Tire Center, Inc., bring its building into compliance with the regulations of the city fire code.

Earl & Sons Tire Center is a retail tire sales outlet located in an area of the City of Boulder which was annexed in 1967. When originally constructed in 1965, appellant's building was not within the City of Boulder and was therefore not subject to the city's fire code.

In June, 1970, there was a fire on the premises which was contained with some difficulty by the Boulder Fire Department. After the fire, the Chief of the Bureau of Fire Prevention ordered the appellant to install a sprinkler system in its basement pursuant to section 14.4 of the city fire code.

The Boulder Board of Appeals rejected the appellant's appeal of this order and appellant then appealed to the district court pursuant to C.R.C.P. 106. The district court rejected appellant's contention that it was entitled to an exception under section 1.2 of the fire code and ordered appellant to install the sprinkler system or otherwise conform the basement to the fire code regulations.

Earl & Sons alleges three grounds for reversal. We find no validity in these claims and therefore affirm the judgment of the district court.

I.

■ Appellant first contends that the regulations at issue here constitute an unconstitutional delegation of legislative power.

Section 14.4 of the City Fire Code provides in pertinent part as follows:

"a. Approved automatic sprinkler systems shall be installed in all basements having an area exceeding 2,500 square feet, when used for the manufacture, sale or storage of combustible goods or merchandise, not including garages . . . .

"b. Combustible goods, or merchandise shall include those made of wood, paper or rubber; those containing flammable or combustible liquids, those packed with quantities of excelsior or paper, and other goods or merchandise of equivalent or greater combustibility."

Section 1.2 provides:

"a. The provisions of this code shall apply equally to new and existing conditions except that existing conditions not in strict compliance with the terms of this code shall be permitted to continue where the exceptions do not constitute a distinct hazard to life or property in the opinion of the Chief of the Bureau of Fire Prevention."

Appellant argues that section 1.2 is an unconstitutional delegation of legislative authority since it contains only a vague standard to guide the Chief of the Bureau of Fire Prevention in his decision to grant or deny an exception to fire code regulations.

A careful reading of section 1.2, however, indicates that it has no application to the situation at issue here. Section 1.2 is intended to allow the Chief to grant exceptions when existing structures substantially comply with the fire code but do not *exactly* meet its requirements. As pointed out in the testimony, this section has been administratively interpreted to deal with technical variations in buildings that are in substantial compliance. We recognize this as the proper interpretation of the ordinance.

Here, however, the code requires a sprinkler system in basements of over 2500 square feet, such as in appellant's building, if combustible material is stored. Having no sprinkler system at all is obviously not substantial compliance. Section 1.2 does not authorize the Chief to grant an exception where, as here, there is a total failure to comply with one of the regulations.

The evidence here clearly supports the Chief's decision not to grant an exception. Highly combustible material is being stored in the basement of a retail store. The failure to have a sprinkler system under such circumstances is clearly a substantial violation of the fire code. The fact that a serious fire *has* occurred lends further support to the Chief's decision.

II.

Appellant next argues that the fire code regulations have been enforced in an arbitrary and discriminatory manner since there are buildings in Boulder containing combustible material in basements of over 2500 square feet which have not been required to install sprinkler systems.

It is clear that regulations which are facially valid may not be discriminatorily enforced. *Yick Wo v. Hopkins*, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886). Yet, it is not sufficient to show merely that the ordinance has not been enforced against others. *Mackay Telegraph & Cable Co. v. Little Rock*, 250 U.S. 94, 39 S.Ct. 428, 63 L.Ed. 863 (1919). There must be a showing of clear and intentional discrimination. *Snowden v. Hughes*, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944).

Appellant has not presented evidence showing that the enforcement of regulation 14.4 against it is the result of an intentional pattern of discrimination. In fact, at least 50 other similarly situated establishments have complied with this regulation.

The fact that some buildings have not yet been forced to comply, without more, is not sufficient to constitute an unconstitutional discriminatory administration of these regulations.

III.

Finally, appellant argues that section 1.2 and section 14.4 are invalid because they are vague.

Due process requires, of course, that statutes and regulations be understandable. *Watson v. Board of Regents*, 182 Colo. 307, 512 P.2d 1162 (1973); *Memorial Trusts, Inc. v. Beery*, 144 Colo. 448, 356 P.2d 884 (1960). A court should look to the purpose and context of the law in

question in order to determine whether its terms have a sufficiently definite and understandable meaning. *People ex rel. Dunbar v. Gym of America, Inc.*, 177 Colo. 97, 493 P.2d 660 (1972). Section 14.4 sufficiently informs those potentially subject to its provisions of the kinds of goods which are considered combustible. Likewise, in view of the narrow range in which the Chief's authority may be exercised, the phrase "distinct hazard," in section 1.2, is sufficiently understandable and reviewable to withstand constitutional challenge.

■ Therefore, we do not find the standard used in section 1.2 nor the definition of combustible material in section 14.4 to be unconstitutionally vague especially in view of the fact that it is appellant's burden to show beyond a reasonable doubt that an ordinance is unconstitutional. *People ex rel. Dunbar v. Gym of America, Inc., supra; Lloyd A. Fry Roofing Co. v. State Dept. of Health Air Pollution Variance Board*, 179 Colo. 223, 499 P.2d 1176 (1972); *Colorado Chiropractic Association v. Colorado*, 171 Colo. 395, 467 P.2d 795 (1970).

The judgment of the district court is affirmed.