**Galen PARRACK and Joseph P. Jenkins, Plaintiffs-Appellants,**

**v.**

**TOWN OF ESTES PARK, Colorado, a Municipal Corporation, and The Zoning Board of Adjustment of the Town of Estes Park, Colorado, Defendants-Appellees.**

**No. 80SA446.**

Supreme Court of Colorado, En Banc.

June 1, 1981.

Joseph P. Jenkins, P. C., Estes Park, for plaintiffs-appellants.

Hammond, Clark & White, Gregory A. White, Loveland, for defendants-appellees.

ERICKSON, Justice.

The constitutionality of the Town of Estes Park Sign Code (hereinafter "sign code") is the primary issue on appeal. Estes Park Municipal Code 17.66, *et seq.* We conclude that the sign code is not substantially overbroad, and accordingly, appellants do not have standing to attack the constitutionality of the provisions of the sign code which do not apply to their own conduct.[1]

---

1. Appellants do not raise the issue of whether the specific provisions of the sign code that apply to their particular situation are unconstitutional.

Appellant Parrack owns a building situated within the corporate limits of the town of Estes Park. Appellant Jenkins rents office space in Parrack's building. The issues in this case center on the erection of a projecting sign, which stated: "Joseph P. Jenkins, P. C. Law Offices." Jenkins' sign is 98¼ inches above the sidewalk which adjoins Parrack's building. The Estes Park sign code provides that no sign which projects from a structure shall be lower than nine feet (108 inches) from the existing grade of the sidewalk.[2]

The Estes Park building inspector informed Jenkins that his sign was in violation of the sign code. Jenkins then filed for a variance with the zoning board. His request was denied. Thereafter, Jenkins was cited for failure to obtain a sign permit.[3]

Appellants filed an appeal in the district court from the zoning board's denial of the variance. They also filed a complaint for declaratory judgment asserting that the sign code is unconstitutional. The district court held that the zoning board acted within its jurisdiction and did not abuse its discretion in the denial of the variance.[4] In a subsequent proceeding, the district court upheld the constitutionality of the sign code.[5]

■ A basic principle of constitutional adjudication is that a person to whom a statute may be constitutionally applied will not be heard to challenge the statute on the grounds that the statute may be unconstitutionally applied to others in circumstances which are not before the court. *Broadrick v. Oklahoma*, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); *Marco Lounge, Inc. v. City of Federal Heights*, Colo., 625 P.2d 982 (1981); *Williams v. City and County of Denver*, Colo., 622 P.2d 542 (1981); *Veterans of Foreign Wars v. City of Steamboat Springs*, 195 Colo. 44, 575 P.2d 835 (1978); *Bolles v. People*, 189 Colo. 394, 541 P.2d 80 (1975).

■ In First Amendment cases, however, traditional standing rules are broadened to ensure that a statute does not create an impermissible chill on constitutionally protected speech or assembly. Accordingly, where the court determines, as a threshold matter, that a statute is substantially overbroad, a litigant is permitted to assert the facial unconstitutionality of a statute which creates a chilling effect on the freedom of expression of persons not before the court. *Broadrick v. Oklahoma, supra; Marco Lounge, Inc. v. City of Federal Heights, supra.*[6]

**2.** Estes Park Municipal Code 17.66.090(38)(f) provides: " 'Projecting sign' means a sign attached to a building or extending in whole or in part twelve inches or more horizontally beyond the surface of the building to which the sign is attached, but not including a 'marquee sign' as defined in this section."
Estes Park Municipal Code 17.66.300(4) provides: "Projecting Signs. No projecting sign shall be closer than four feet to the curbline, nor lower than nine feet from the existing grade of the ground or sidewalk area immediately below the sign, nor higher than eighteen feet from the ground or sidewalk area immediately below the sign, nor closer than twenty-five percent of the linear footage of the building fascia to the building lot lines. The maximum size of a projecting sign shall be fifteen square feet, and no projection shall exceed four feet. No more than one projecting sign shall be permitted for each face of a building."

**3.** *See* Estes Park Municipal Code 17.66.060 and 17.66.100. The municipal court proceedings

were stayed pending final determination of this case.

**4.** Appellants do not challenge that portion of the district court's judgment holding that the zoning board acted within its jurisdiction and did not abuse its discretion in denying the variance.

**5.** Appellees do not challenge the district court's ruling that 17.66.050 of the sign code is unconstitutional. 17.66.050 permits the building inspector, or his authorized representative, to enter, at reasonable times, any building, structure, or premises, to perform any duty imposed upon him by the sign code.

**6.** Appellants assert that this Court's opinion in *Veterans of Foreign Wars v. Steamboat Springs, supra*, grants them standing to attack the facial unconstitutionality of the sign code. We disagree. *Veterans* represents a unique situation where this Court, "for reasons of judicial efficiency and economy" addressed the merits of appellants' constitutional argument,

Not every statute which deters protected speech is substantially overbroad. The test of substantial overbreadth is whether the "plainly legitimate sweep" of the statute is of greater significance than any marginal chilling effect it may have on protected speech. *Broadrick v. Oklahoma, supra; Marco Lounge v. City of Federal Heights, supra; Williams v. City and County of Denver, supra; Veterans of Foreign Wars v. Steamboat Springs, supra.*

The "plainly legitimate sweep" of the sign code is clear. The noncommunicative impact of speech-related conduct is subject to reasonable time, place, and manner restrictions. *Erznoznik v. Jacksonville,* 422 U.S. 205, 95 S.Ct. 2268, 45 L.Ed.2d 125 (1975); *Williams v. City and County of Denver, supra.* The critical inquiry is whether the incidental restriction on First Amendment freedoms is greater than essential to the furtherance of the governmental interest in question. *United States v. O'Brien,* 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968); *Veterans of Foreign Wars v. City of Steamboat Springs, supra.*

Appellants' overbreadth attack centers upon the code's definition of a "sign." Appellants assert that the definition is virtually limitless. By way of example, appellants argue that a bumper sticker is a "sign" by the terms of the code. 17.66.-090(36) provides:

"a. 'Sign' means any writing, pictorial representation, decoration (including any material used to differentiate sign copy from its background), form, emblem or trademark, flag or banner, or any other figure of similar character which:

i. Is a structure or any part thereof (including the roof or wall of a building); or

ii. Is written, printed, projected, painted, constructed or otherwise placed or displayed upon or designed into a building, board, plate, canopy, awning, vehicle or upon any material object or device whatsoever; and

iii. By reason of its form, color, wording, symbol, design, illumination, motion or otherwise attracts or is designed to attract attention to the subject thereof or is used as a means of identification, advertisement or announcement.

"b. If, for any reason, it cannot be readily determined whether or not an object is a sign, the building inspector shall make such determination."

We conclude that the appellants' prediction does not provide a basis for their constitutional attack. We decline to predict that the wording and enforcement of the sign code will deter persons from exercising their arguably protected First Amendment right to display bumper stickers. Moreover, any marginal chilling effect on protected expression is insubstantial when compared with the "plainly legitimate sweep" of the sign code. *Williams v. City and County of Denver, supra.*

In our view, the sign code is not void for vagueness. *See, Connally v. General Construction Co.,* 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926); *People v. Weeks,* 197 Colo. 175, 591 P.2d 91 (1979); *Veterans of Foreign Wars v. City of Steamboat Springs, supra.*

Appellants' contention that the sign code is being discriminatorily enforced against them is without merit. No showing was made of clear and intentional discrimination. *Snowden v. Hughes,* 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944); *Earl & Sons Tire Center v. City of Boulder,* 192 Colo. 360, 559 P.2d 236 (1977).

Accordingly, the judgment of the district court is affirmed.

notwithstanding the fact that their overbreadth claim ultimately failed. Thus, whether this Court would have decided *Veterans* on the basis of standing, *i. e.,* substantial overbreadth, or

by analyzing the merits of appellants' overbreadth claim, the same result would have been reached.