**STONE ENVIRONMENTAL ENGINEERING SERVICES, INC., a Colorado corporation, Plaintiff-Appellant,**

v.

**COLORADO DEPARTMENT OF HEALTH and Colorado State Board of Health, Defendants-Appellees.**

No. 79CA0913.

Colorado Court of Appeals, Div. I.

June 18, 1981.

George Alan Holley & Associates, Scott D. Albertson, Golden, for plaintiff-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, R. Michael Mullins, Asst. Attys. Gen., Denver, for defendants-appellees.

STERNBERG, Judge.

Plaintiff, Stone Environmental Engineering Services, Inc., (Stone) appeals from the judgment of the district court affirming the Colorado State Board of Health's denial of certification of a sewage disposal system. We reverse and remand.

In 1974, Stone applied to the Colorado Department of Health (department) for certification of a sewage disposal system for sub-surface and surface discharge pursuant to procedures set out in guidelines adopted by the Colorado State Board of Health (board). Its application for certification was denied by the department.

Stone then appealed the department's decision to the board which appointed a hearing officer to conduct an evidentiary hearing on Stone's request for certification. The hearing officer found that the system met "the standards of certification by the Colorado Department of Health under their guidelines and regulations applying to individual sewage disposal systems for sub-surface discharge of effluents," reversing the department's denial of certification for this particular use. The surface discharge system was approved with some conditions and qualifications.

Both Stone and the department appealed the hearing officer's decision to the board by filing exceptions to his findings of fact and rulings regarding the surface discharge system. After hearing oral argument, the board reversed the hearing officer and denied any type of certification.

Stone then sought judicial review of the board's decision pursuant to § 24–4–106, C.R.S.1973, including a request for declaratory judgment under C.R.C.P. 57, in order independently to raise constitutional claims

not addressed by the hearing officer or board. The district court affirmed the board's denial of certification and, based on the record, ruled against Stone on the constitutional questions. Stone appeals from this judgment.

## I.

■ Citing § 24–4–105(14), C.R.S.1973, Stone asserts that, because the department failed to take exception to the hearing officer's finding that the unit should be certified for sub-surface discharge of effluent, this issue was not subject to review and, therefore, the hearing officer's findings must be reinstated. We do not agree. In its exceptions, the department relied on § XB6 of the Guidelines for Establishing Rules and Regulations Applying to Individual Sewage Disposal Systems (as amended February 20, 1974). This section relates to certification for both sub-surface and surface discharge. Thus, it was sufficient to put Stone on notice that it was taking exception to certification for sub-surface, as well as surface, discharge.

## II.

■ The final order issued by the board necessarily reversed the findings of evidentiary facts made by the hearing officer, yet it did not include specific findings that the hearing officer's findings were contrary to the weight of the evidence as § 24–4–105(15), C.R.S.1973, requires. The state admits specific findings of fact were necessary. We accept its confession of error and remand to the district court for it to return the matter to the board for further proceedings in conformity with the above statute. It is provided therein:

> "The findings of evidentiary fact, as distinguished from ultimate conclusions of fact, made by the hearing officer shall not be set aside by the agency on review of the hearing officer's initial decision unless such findings of evidentiary fact are contrary to the weight of the evidence. The agency either may remand the case to the hearing officer for such further proceedings as it may direct or it

may affirm, set aside, or modify the order or any sanction or relief entered therein, in conformity with the facts and the law."

Thereafter, the board must make its conclusions based on the findings of the hearing officer. These actions must be in accordance with the current statute, § 24–4–105(15) C.R.S.1973 (1980 Cum.Supp.).

## III.

■ Following these proceedings, if Stone continues to assert the guidelines are unconstitutional, he may raise the issue in the district court. Because no meaningful determination of constitutional questions can be had without a complete evidentiary record, Stone must be afforded the opportunity to present additional evidence on these issues.

We can see nothing in the statutes which precludes an evidentiary hearing before the district court on Stone's constitutional claims. Section 25–1–113(1), C.R.S.1973, which applies to judicial review of decisions made by the Board of Health, permits the district court to reverse or modify an agency decision "[c]ontrary to the constitutional rights or privileges" or "in excess of statutory authority or jurisdiction." And, under this particular statute, the district court is bound to limit its review to the record only when a *complete* record is presented.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

COYTE and BERMAN, JJ., concur.