**STONE ENVIRONMENTAL ENGINEERING SERVICES, INC., Plaintiff–Appellee and Cross–Appellant,**

v.

**COLORADO DEPARTMENT OF HEALTH and Colorado Board of Health, Defendants–Appellants and Cross–Appellees.**

No. 85CA0272.

Colorado Court of Appeals, Div. II.

June 9, 1988.

Rehearing Denied July 7, 1988.

Certiorari Denied Oct. 17, 1988.

McMichael & Benedict, Mitchell Benedict, III, Denver, for plaintiff-appellee and cross-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Jerry W. Goad, Asst. Atty. Gen., L. Cary Unkelbach, Denver, for defendants-appellants and cross-appellees.

SMITH, Judge.

The Colorado Department of Health and Colorado Board of Health (Health) appeal the district court's order which declared unconstitutional §§ X.A.1. and X.A.1.a. of the Guidelines for Establishing Rules and Regulations Applying to Individual Sewage Disposal Systems (guidelines), 5 Code Colo. Reg. 1003–6 (current version codified as §§ IX.C.1 and IX.C.1(a) at 5 Code Colo.Reg. 1003–6). Stone Environmental Engineering Services, Inc., (Stone) also appeals the order and contends: (1) that the court erred in not holding *all* of the guidelines unconstitutional; (2) that there were procedural errors made by the board; and (3) that the court should have allowed amendment of the complaint to add a claim for damages. Stone also requests that this court order the board to certify its sewage disposal system for all types of discharge. We affirm in part and reverse in part.

Stone's cause of action arose initially in 1974 when it was denied certification of a sewage disposal system for subsurface and surface discharge. The pertinent sections of the guidelines require that: "If effluent discharge is made ... the effluent at the

point of sampling shall *consistently meet* each of the following standards...." 5 Code Colo.Reg. 1003–6 § X.A.1., X.A.2., and X.A.3 (emphasis added). Differing maximum levels of fecal coliform density, biochemical oxygen demand, suspended matter, and chemical oxygen demand are set forth in the guidelines depending on whether: a) the discharge is made into the atmosphere and upon the ground where the rare possibility exists for human contact (X.A.1.); b) the discharge is made into the atmosphere and upon the ground where there is protection against the possibility of direct human contact (X.A.2.); or c) the discharge is made beneath the surface of the ground and not into groundwater (X.A.3.).

This matter was previously addressed by our court in *Stone Environmental Engineering Services, Inc. v. Colorado Department of Health*, 631 P.2d 1185 (Colo.App. 1981). At that time, judgment was reversed and the cause was remanded on two bases. First, the board was instructed to make appropriate findings pursuant to § 24–4–105(15), C.R.S. (1987 Cum.Supp.), which prevents the setting aside of a hearing officer's findings of evidentiary facts unless they are found to be contrary to the weight of the evidence. Here, the board denied any type of certification despite the fact that the hearing officer had found that Stone's system met the standards for certification for subsurface discharge and had approved the system for surface discharge with some conditions and qualifications. Second, Stone was given the opportunity to raise the issue of the constitutionality of the guidelines and to present evidence to the district court on that issue.

Upon review of the entire record subsequent to the board's review on remand, the district court concluded that the requirements of § 24–4–105(15), C.R.S. (1987 Cum. Supp.) had been met and found that no procedural errors had been made. However, the court declared that the guidelines found at § X.A.1. and § X.A.1.a. incorporated therein were vague and, therefore, unconstitutional. Clear and convincing evidence showed that the "consistently meet" provision was applied by the board to mean "every time." The court concluded that the provision, as written, was too vague for an applicant to have adequate notice that the standard would be so applied.

## I.

We agree, and conclude, as a matter of law, that the "consistently meet" provision found in § X.A.1. is unconstitutionally vague and therefore results in a denial of due process.

Administrative regulations are presumed valid and the burden is upon the challenging party to establish the asserted invalidity beyond a reasonable doubt. *Dawson v. PERA*, 664 P.2d 702 (Colo.1983); *Augustin v. Barnes*, 626 P.2d 625 (Colo.1981). Although the trial court should have reviewed the constitutionality of the guidelines under the standard of beyond a reasonable doubt, rather than by clear and convincing evidence, we reach the same conclusion under that standard.

Due process requires that statutes and regulations be understandable. *Earl & Sons Tire Center Inc. v. City of Boulder*, 192 Colo. 360, 559 P.2d 236 (1977). It is important that the public and the courts have the means of knowing in advance what criteria will be considered material to a particular decision. *Alvarez v. State*, 638 P.2d 804 (Colo.App.1981).

Here, the issue is not, as Stone argues, whether the "consistently meet" provision of the guidelines is practically impossible to meet. Rather, the issue is whether it is possible for anyone to determine how to meet the regulation. Since it is unclear whether "consistent" means "all the time," or, perhaps, "on an average," one cannot foresee what conduct or standard of performance is necessary to meet the standards. The regulation, as written, results in the arbitrary application of the required performance criteria and, therefore, constitutes a denial of due process.

## II.

Stone asserts that the balance of the guidelines are unconstitutional because they unduly discriminate between aerobic and septic systems and between those systems with a capacity of less than two thou-

sand gallons and those with a capacity of more than two thousand gallons. We agree that they are unconstitutional, but for a different reason.

Since no suspect category or fundamental right is implicated in the guidelines at issue, *see Dawson v. PERA, supra; see also Edwards v. Price*, 191 Colo. 46, 550 P.2d 856 (1976), judicial scrutiny ceases when it is determined that the distinction has a reasonable basis and serves a legitimate state goal. *Winkler v. Colorado Department of Health*, 193 Colo. 170, 564 P.2d 107 (1977). If the classifications in the guidelines have some reasonable basis, they are not constitutionally infirm simply because there is a lack of mathematical nicety or because in practice some inequality results. *Jeffrey v. Colorado State Department of Social Services*, 198 Colo. 265, 599 P.2d 874 (1979).

Here, the performance criteria of the guidelines are least restrictive for systems discharging below the surface, more restrictive for systems discharging to the surface where there would be no human contact with the effluent, and most stringent for systems discharging to the surface where direct human contact is possible. In our view, these performance criteria bear a reasonable relationship to the classifications and to the goal of protecting human health. Furthermore, the operators of systems which have a capacity greater than two thousand gallons must be certified. If effluent is discharged into our waters, the standards and provisions of the Water Quality Control Act, § 25–8–101, et seq. (1987 Cum.Supp.) also apply.

Nevertheless, we conclude that the requirements of § X.A.2. and § X.A.3., 5 Code Colo.Reg. 1003–6, are unconstitutional for the same reason that § X.A.1. is unconstitutional. These guidelines contain the same "consistently meet" provision found in § X.A.1. Therefore, they must also fail a due process analysis based on the same rationale discussed in part I.

## III.

Since we conclude that the "consistently meet" provision found in the guidelines is unconstitutional, we need not address Stone's contention that the board did not sufficiently review the record when it determined that the findings of the hearing officer were against the weight of the evidence.

## IV.

Stone next asserts that the trial court erred when it denied a motion to amend the complaint to add a claim for damages against Health. The court's denial of Stone's request was premised on its failure to comply with the notice provisions of the Governmental Immunity Act, § 24–10–109, C.R.S. (1987 Cum.Supp.) (The Act). We perceive no error.

Stone admits that no formal notice of its claim for damages was presented to Health. However, he argues that because Health had obtained insurance and was deemed to have waived the defense of sovereign immunity under § 24–10–104, C.R.S. (repealed and reenacted 1986), its action would not be an action under the Act. It contends that even if the Act was applicable, Health was not prejudiced by Stone's failure to give notice. We disagree.

The failure to file a written notice is a complete defense to any action brought by an injured party against those protected by the Governmental Immunity Act. *Roberts v. City of Boulder*, 197 Colo. 97, 589 P.2d 934 (1979). Actual knowledge by the governmental entity of the incidents giving rise to a claim, or knowledge of the claim itself, does not constitute substantial compliance with the notice of claim requirement and does not relieve a plaintiff of his duty to provide formal notice. *Lloyd v. State Personnel Board*, 710 P.2d 1177 (Colo.App.1985) *rev'd on other grounds*, 752 P.2d 559 (Colo.1988).

We disagree with Stone's contention that the acts of the board in promulgating the guidelines were non-discretionary. *See Cooper v. Hollis*, 42 Colo.App. 505, 600 P.2d 109 (1979). The common law official immunity doctrine, which encompasses legislative immunity, protects the board and its members from liability for acts performed in the exercise of quasi-legislative functions. *State v. Mason*, 724 P.2d 1289 (Colo.1986); Restatement (Second) of Torts § 895B(3)(a) comment g (1979). Here, there has been no allegation of willfulness,

maliciousness, or intent to cause harm on the part of Health's employees that would abrogate such immunity even if it were qualified. *See Trimble v. City & County of Denver,* 697 P.2d 716 (Colo.1985). Hence, a claim for damages was not sustainable by Stone.

### V.

Finally, we are prohibited by the doctrine of separation of powers from granting Stone's request that the board be ordered to certify his sewage disposal system. *Colorado State Department of Health v. Geriatrics, Inc.,* 699 P.2d 952 (Colo.1985).

Accordingly, the order of the trial court is reversed insofar as it found that §§ X.A.2. and X.A.3 of the guidelines, 5 Code Colo.Reg. 1003–6, were not unconstitutional and is affirmed in all other respects. The cause is remanded for reconsideration of Stone's application in light of the rulings herein made.

STERNBERG and METZGER, JJ., concur.