## No. 24269

**Hollis T. O'Quinn v. Walt Disney Productions, Inc., a California corporation, and Gerald H. Phipps, Inc., a Colorado corporation**

(493 P.2d 344)

Decided January 31, 1972.

192

Ralph B. Rhodes, for plaintiff in error.

Yegge, Hall & Evans, Richard D. Hall, Don R. Evans, for defendant in error Walt Disney Productions, Inc.

Erickson & Littell, Duane O. Littell, for defendant in error Gerald H. Phipps, Inc.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

The parties in this case appear in the order in which they appeared in the trial court. The plaintiff-appellant will be referred to as O'Quinn. The defendants-appellees will be referred to as Disney and Phipps.

On August 13, 1968, Phipps entered into a general contract with Disney to perform certain construction work on the latter's premises in Denver. On August 21 Phipps entered into a subcontract with Metal Fabricators, Inc., O'Quinn's employer. During the performance of the subcontract, O'Quinn, an iron worker, fell from the decking above the ceiling of the business premises of Disney and was

injured. O'Quinn claimed and received Workmen's Compensation as an employee of Metal Fabricators, Inc. Later he filed an action in tort against Phipps and Disney, alleging that Phipps had negligently installed the decking from which O'Quinn fell and that Disney had negligently failed to inspect the faulty decking. Phipps filed a motion to dismiss premised on an immunity conferred by C.R.S. 1963, 81-3-2 on general contractors as statutory employers of subcontract employees. C.R.S. 1963, 81-9-1. Disney filed a similar motion based on his status as a real property owner-employer. C.R.S. 1963, 81-9-2. The trial court granted both motions.

█ The appellate courts of this state have had occasion to invoke the provisions of C.R.S. 1963, 81-9-1 and 81-9-2. In *Alexander v. Morrison-Knudsen Co., Inc.*, 166 Colo. 118, 444 P.2d 397, this court barred a tort claim against a real property owner and in *Nicks v. The Electron Corp.*, 29 Colo. App. 114, 478 P.2d 683, the Court of Appeals barred a tort claim against a general contractor. Conceding applicability, plaintiff asserts that C.R.S. 1963, 81-9-1 and 81-9-2 are unconstitutional because they (1) deprive O'Quinn of a property right without due process of law, (2) deny him equal protection, and (3) constitute special legislation granting Disney and Phipps a special privilege and immunity. We disagree.

█ As to plaintiff's first argument, this court and others have many times considered whether or not the abrogation of a common law remedy constitutes a taking under Fifth and Fourteenth Amendments to the United States Constitution and article II, section 25 of the Colorado constitution. As a general proposition, courts have concluded that, so long as a statute in abrogation of the common law does not attempt to remove a right which has already accrued, there is no taking. *See Finn v. Industrial Commission*, 165 Colo. 106, 437 P.2d 542; *Tipton v. A., T. and S. F. Railway*, 298 U.S. 141, 56 S.Ct. 715, 80 L.Ed. 1091; *Northern Pacific Railway Co. v. Meese*, 239 U.S. 614, 36 S.Ct. 223, 60 L.Ed. 467; *Lowman v. Stafford*, 226 Cal.App.2d 31, 37 Cal.Rptr. 681; *Clark v. Olson*, 96 Mont. 417, 31 P.2d 283.

In *Lowman, supra,* the court stated:
"Although rights of property which have been created by the common law cannot be taken away without due process, the law itself, as a rule of conduct, may be changed at will by the Legislature. . . . '. . . It may create new rights or provide that rights which have previously existed shall no longer arise, and it has full power to regulate and circumscribe the methods and means of enjoying those rights, so long as there is no interference with constitutional guaranties.' "

In his second argument, O'Quinn states that he is denied equal protection as set forth in the Fourteenth Amendment of the United States Constitution and article II, section 6 of the Colorado constitution. He urges various cases which stand for the proposition that a statutorily created employment relationship which is contrary to fact is unconstitutional. We cannot accept these cases as controlling as a matter of law or of logic. The Workmen's Compensation Act was designed as a remedial act to insure workmen for work-related injuries, regardless of the negligence of the employer. Although the act uses an employment relationship as the basis for recovery, the underlying concept is one of no fault.

According to 1 A *Larson, Workmen's Compensation Law,* § 49.11, some 42 states have adopted statutes which create statutory employment where there is no direct employment. At § 49.22 Larson states:
". . . [T]here is no reason why the legislature's power cannot extend to a simple declaration that compensation coverage is extended to a particular category of admitted nonemployees, since, although the opposite view was at one time urged in the days of constitutional uncertainty, it is now well settled that the constitutionality of compensation legislation rests not upon the private employment contract but upon public welfare and police powers."
We agree with this statement. There is no reason that compensation coverage need be linked to common law definitions of employment in order to be constitutional. Rather, the statute may set forth the prerequisites of

compensability regardless of employment relations so long as the statutorily-created relationship is not itself unreasonable. The distribution of loss so that the burdens fall on the shoulders of those who necessitate and control the work giving rise to the injury meets the Fourteenth Amendment test of reasonability.

As for O'Quinn's argument premised on article II, section 6 of the Colorado constitution, it is well settled that this portion of the constitution does not prevent the legislature from changing the law which creates a right. Rather, this section simply provides that if a right does accrue under the law, the courts will be available to effectuate such right. *Goldberg v. Musim,* 162 Colo. 461, 427 P.2d 698; *Vogts v. Guerrette,* 142 Colo. 527, 351 P.2d 851. Equal protection is not involved.

O'Quinn's final argument is that the immunities resulting from 81-9-1 and 81-9-2 constitute special and exclusive legislation contrary to article V, section 25. "A law is not local or special when it is general and uniform in its operation upon all in like situation." *McCarty v. Goldstein,* 151 Colo. 154, 376 P.2d 691; *Allen v. Bailey,* 91 Colo. 260, 14 P.2d 1087; *Rifle Potato Growers Association v. Smith,* 78 Colo. 171, 240 P. 937; *Consumer's League v. Colo. & So. Railway Co.,* 53 Colo. 54, 125 P. 577; *People v. Earl,* 42 Colo. 238, 94 P. 294.

As noted above, the instant legislation confers an immunity on a general contractor or a real property owner in exchange for a duty which inheres to the benefit of a workman. Thus, while on the one hand a workman will be required to forego a negligence action against a general contractor or real property owner, he will on the other hand be assured that regardless of fault, the more solvent general contractor or real property owner stands behind and secures the Workmen's Compensation liability of the workman's immediate employer. This is not special legislation.

The judgment is affirmed.

MR. JUSTICE LEE and MR. JUSTICE ERICKSON not participating.