MR. JUSTICE KELLEY
delivered the opinion of the Court.
Appellant Ellerman appeals an order of the district court granting summary judgment in a negligence action in favor of the appellee on the grounds that section 8-48-101, C.R.S. 1973, precludes an action by an injured employee of a subcontractor against the general contractor. The appellant contends that section 8-48-101. is an unconstitutional denial of equal protection and due process. We disagree and therefore affirm the judgment of the trial court.
The appellant’s husband was killed August 27, 1974, while working at the Henderson Mine Project in Clear Creek County, Colorado. At the time of his death, he was employed by State, Inc., a subcontractor on the project. The appellee, Amax Inc., owned the property and was also the general contractor.
The appellant received benefits for the death of her husband from State, Inc.’s insurer, pursuant to the provisions of the Colorado Workmen’s Compensation Act.[1] She received no direct payments from appel-lee. Subsequently, the appellant filed the instant action against Amax, Inc., pursuant to the Colorado wrongful death statute,[2] alleging that the appellee’s negligence resulted in her husband’s death, and requesting damages recoverable under section 13-21-203, C.R.S. 1973. The appellee’s motion for summary judgment was granted, and this appeal followed.
We upheld the constitutionality of section 8-48-101 against attacks for deprivation of due process and equal protection. Edwards v. Price, 191 Colo. 46, 550 P.2d 856 (1976); Lancaster v. C.F. & I. Steel Corp., 190 Colo. 463, 548 P.2d 914 (1976) and O’Quinn v. Walt Disney Productions, Inc., 177 Colo. 190, 493 P.2d 344 (1972). The appellant concedes this point, but on the basis of essentially the same arguments which were made in those cases, contends that we should overrule those cases. This we refuse to do.
The judgment is affirmed.
MR. JUSTICE CARRIGAN does not participate.

Section 8-40-101, et seq., C.R.S. 1973.

Section 13-21-201, et seq., C.R.S. 1973.