**David Lee FLOYD, Petitioner,**

v.

**Michael J. BARTLEY, Respondent.**

**SKIP'S LIQUORS, INC., Petitioner,**

v.

**Michael J. BARTLEY, Respondent.**

**Nos. 85SC36, 85SC37.**

Supreme Court of Colorado,
En Banc.

Nov. 17, 1986.

Lance M. Sears, Benjamin S. Waxman, Colorado Springs, for petitioner David Lee Floyd.

R. Dennis Lambrecht, P.C., Colorado Springs, for petitioner Skip's Liquors, Inc.

Horn, Anderson & Johnson, Gregory L. Johnson, William Kelly Dude, Colorado Springs, for respondent.

Rick DeWitt, Denver, for amicus curiae Colorado Licensed Beverage Assn.

ERICKSON, Justice.

We granted certiorari to review *Bartley v. Floyd*, 695 P.2d 781 (Colo.App.1984), which held that furnishing liquor to a minor in violation of section 12–47–128(1)(a), 5 C.R.S. (1985), constitutes negligence per se. The two petitions that are before us for certiorari review have been consolidated, and both are addressed in this opinion. We have declared in a companion case announced today, *Largo Corp. v. Crespin*, 729 P.2d 1098 (Colo.1986), that one who serves liquor in violation of section 12–47–128(1)(a) is negligent per se. Based on our holding in *Largo Corp. v. Crespin*, we affirm the decision of the court of appeals.

· I.

FACTS

The facts are undisputed. On the evening of September 8, 1978, Edward Herbert and David Floyd, both seventeen-years old, pooled their money to purchase some beer and went to Skip's Liquors in Colorado Springs in a car driven by Herbert. Floyd entered the liquor store and purchased two six-packs of beer. The clerk on duty did not require Floyd to show proof of age. Floyd returned to Herbert's car, and Herbert drove to a park, where they drank the beer with two female companions. Approximately one hour later, as Herbert was driving out of the park, he collided with a motorcycle driven by Michael Bartley. Bartley sustained serious injuries as a result of the collision. Herbert's blood alcohol content was .06, which gives rise to a presumption that Herbert's ability to drive was impaired by the consumption of alcohol. Section 42–4–1202(2)(b), 17 C.R.S. (1984).

Bartley brought this action against Floyd and Skip's Liquors, alleging that Skip's negligently sold beer to Floyd, and that Floyd negligently furnished the beer to Herbert. Bartley asserted that the negligence of Skip's Liquors and Floyd was the proximate cause of his injuries.

The trial court granted summary judgment to both defendants. The court of appeals reversed, and held that both Skip's and Floyd violated section 12–47–128(1)(a), 5 C.R.S. (1985), which provides:

(1) It is unlawful for any person: (a) To sell, serve, give away, dispose of, exchange, or deliver or permit the sale, serving, giving, or procuring of any malt, vinous, or spirituous liquor to or for any person under the age of twenty-one years, to a visibly intoxicated person, or to a known habitual drunkard.

The court of appeals declared that the defendants' violations of the statute constituted negligence per se, and that summary judgment was inappropriate where there remained unresolved questions of fact as to whether the defendants' violations were the cause of the plaintiff's injuries.

## II.

### NEGLIGENCE PER SE

■ In support of their claim that a violation of section 12–47–128(1)(a) does not establish negligence per se, Floyd and Skip's argue that a vendor is not liable to a third party injured by a person impaired by the vendor's unlawful provision of alcohol for the following reasons: (1) the General Assembly has preempted common-law liability by enacting the Beer Code, the Liquor Code, and the dramshop act; (2) a violation of section 12–47–128(1)(a) cannot be used to establish negligence; and (3) the act of furnishing alcohol cannot, as a matter of law, be the proximate cause of injuries inflicted by the consumer of the alcohol. We considered and rejected all of those contentions in *Largo Corp. v. Crespin*, 729 P.2d 1098 (Colo.1986), and we reject them here.

Floyd attempts to distinguish this case from *Largo*, contending that he was a social, rather than a commercial, purveyor of alcohol. Floyd maintains that there is a greater justification for imposing civil liability on sellers of alcohol, and that civil actions against social hosts would place an unreasonable burden on the citizenry of Colorado. A reading of section 12–47–128(1)(a), however, leads us to conclude that the distinction is immaterial for purposes of a negligence per se analysis in this case. The statute provides:

(1) It is unlawful for any *person:* (a) To sell, *serve, give away, dispose of,* exchange, or deliver or permit the sale, *serving,* giving, or procuring of any malt, vinous, or spirituous liquor to or for any person under the age of twenty-one years....

§ 12–47–128(1)(a) (emphasis added).

■ For purposes of the Liquor Code, a "person" is defined as "a natural person, partnership, association, company, corporation, or organization or a manager, agent, servant, officer, or employee of any of them," § 12–47–103(14), 5 C.R.S. (1985). There is no dispute that Floyd is a natural person who served or gave alcoholic beverages to Herbert, a person under the age of twenty-one. The statute draws no distinction between the commercial and non-commercial purveyor of alcohol, and we decline to create such a distinction for purposes of applying the statute to this action for negligence. We do not address the issue of social host liability in this opinion. The General Assembly has adopted legislation in a 1986 amendment to the Beer and Liquor Codes which deals with the responsibility of a social host. *See* Ch. 100, sec. 1–3, §§ 12–46–112.5(4), 12–47–128.5(4), 1986 Colo. Sess. Laws 657. We granted certiorari only to determine whether the unlawful transfer of liquor from one minor to another in furtherance of a joint undertaking to obtain alcoholic beverages constitutes negligence per se. We do not consider the many difficult issues surrounding the civil liability of the social host.

Finally, we reject Floyd's contention that even if a violation of section 12–47–128(1)(a) can be used to establish the negligence of an adult defendant, we should refuse to permit violations by minors to serve as the predicate for negligence per se. The General Assembly has created the duty, and it is for the General Assembly to create exceptions to the duty. A very young child might raise the defense of in-

fancy in a tort action, but that issue is for a jury guided by proper instructions on the law.

The decision of the court of appeals is affirmed.

DUBOFSKY, J., does not participate.