Robert B. **CURTISS,**
Plaintiff–Appellant,

v.

**GSX CORPORATION OF COLORADO,**
formerly known as **SCA Services of
Colorado, Inc.,** a Colorado corporation,
Defendant–Appellee.

No. 88SA114.

Supreme Court of Colorado,
En Banc.

May 30, 1989.

Earl S. Wylder, Lakewood, Sullivan and Sullivan, P.C., Barrie G. Sullivan, II, Denver, for plaintiff-appellant.

Anderson, Campbell and Laugesen, P.C., Robert L. McGahey, Jr., Denver, for defendant-appellee.

QUINN, Chief Justice.

The question in this case is whether the statutory employer provisions of the Colorado Workers' Compensation Act, which immunize a company that contracts out any part of the work to a contractor from a common law action in tort for work-related injuries sustained by a worker-employee of the contractor, are violative of the state constitutional guarantee of equal protection of the laws, Colo. Const. art. II, § 25, the constitutional right of access to the courts, Colo. Const. art. II, § 6, and the constitutional prohibition against special legislation, Colo. Const. art. V, § 25.[1] The district court upheld the constitutionality of the statutory employer provisions and granted summary judgment in favor of the "contracting out" company on a tort claim filed against it by an injured employee of

---

1. This appeal was filed in this court rather than in the court of appeals because of the constitu-

tional challenges to the Workers' Compensation Act. *See* § 13–4–102(1)(b), 6A C.R.S. (1987).

the contractor. We affirm the judgment of the district court.

## I.

Colorado's Workers' Compensation Act represents a comprehensive administrative scheme for compensating workers for job-related injuries. Compensation under the statute does not require proof of fault, and an employee's recovery of benefits is intended to be the employee's exclusive remedy against an employer. *Kandt v. Evans*, 645 P.2d 1300, 1302 (Colo.1982). "These exclusivity provisions constitute part of the *quid pro quo* of workmen's compensation schemes, under which the employer assumes liability for work-related injuries irrespective of fault, and in return, employees are precluded from bringing actions at common law." *Kandt*, 645 P.2d at 1302. Compliance by the employer with the statute is construed as a surrender by both the employer and the employee of any other cause of action or common-law right or remedy for or on account of personal injuries sustained by the employee. § 8–43–104, 3B C.R.S. (1986); *see Kandt*, 645 P.2d at 1302. If an employer fails to comply with the insurance provisions of the statutory scheme, an employee is entitled to a fifty percent increase in benefits for any work-related injury. § 8–44–107(1), 3B C.R.S. (1986).

Section 8–48–101(1), 3B C.R.S. (1986), states that any company operating or engaged in conducting any business by contracting out any part or all of its work to a contractor or subcontractor, irrespective of the number of employees engaged in such work, is considered a statutory employer and is thus liable to pay workers' compensation benefits for any work-related injury to an employee of the contractor or subcontractor.[2] Pursuant to section 8–48–101(2), 3B C.R.S. (1986), if the contractor or subcontractor to which the company's work is contracted out is also an employer and maintains workers' compensation insurance, then the employee of the contractor or subcontractor has no action of any kind against the company contracting out any part of its work.[3] The purpose of these statutory employer provisions is to prevent an employer from evading compensation coverage by contracting out work instead of directly hiring the worker. *San Isabel Electric Association v. Bramer*, 182 Colo. 15, 19, 510 P.2d 438, 440 (1973).

A company contracting out any part of its work is considered a statutory employer even though the contractor or subcontractor to which the work is contracted out is also insured for workers' compensation benefits and actually provides the benefits to the injured worker. *E.g., Edwards v. Price*, 191 Colo. 46, 51, 550 P.2d 856, 859 (1976). Since under these circumstances

2. Section 8–48–101(1), 3B C.R.S. (1986), states:

(1) Any person, company, or corporation operating or engaged in or conducting any business by leasing or contracting out any part or all of the work thereof to any lessee, sublessee, contractor, or subcontractor, irrespective of the number of employees engaged in such work, shall be construed to be an employer as defined in Articles 40 to 54 of this title and shall be liable as provided in said articles to pay compensation for injury or death resulting therefrom to said lessees, sublessees, contractors, and subcontractors and their employees or employees' dependents. The employer, before commencing said work, shall insure and keep insured his liability as provided in said articles, and such lessee, sublessee, contractor, or subcontractor, as well as any employee thereof, shall be deemed employees as defined in said articles. The employer shall be entitled to recover the cost of such insurance from said lessee, sublessee, contractor, or subcontractor and may withhold and deduct the same from the contract price or any royalties or other money due, owing, or to become due said lessee, sublessee, contractor, or subcontractor.

3. Section 8–48–101(2), 3B C.R.S. (1986), states:

(2) If said lessee, sublessee, contractor, or subcontractor is himself an employer in the doing of such work and, before commencing such work, insures and keeps insured his liability for compensation as provided in articles 40 to 54 of this title, neither said lessee, sublessee, contractor, or subcontractor, its employees, or its insurer shall have any right of contribution or action of any kind, including actions under section 8–52–108, against the person, company, or corporation operating or engaged in or conducting any business by leasing or contracting out any part or all of the work thereof, or against its employees, servants, or agents.

the "contracting out" company would be liable for workers' compensation benefits in the event the contractor or subcontractor had failed to obtain workers' compensation insurance coverage, the "contracting out" company is entitled to invoke the tort immunity provisions of the Workers' Compensation Act. *Id.*

## II.

In this case, Robert B. Curtiss, the plaintiff, filed a tort claim against GSX Corporation (GSX), alleging that on April 4, 1984, he was employed by Chuck's Contract Labor, Inc. (Chuck's) and was assigned to work as a helper on a garbage truck owned and operated by GSX and that, while so employed, the driver of the garbage truck negligently drove over his right foot and the foot had to be surgically amputated. In its answer to the complaint GSX asserted that Curtiss' claim was barred by the Colorado Workers' Compensation Act because GSX was Curtiss' statutory employer at the time of the injury and was thus immune from suit.

GSX filed a motion for summary judgment based on a stipulation of facts executed by both GSX and Curtiss. The stipulated facts were as follows. Curtiss was employed as a laborer and paid by Chuck's, which was engaged in the business of providing temporary labor to other businesses. GSX was engaged in the business of collecting garbage, and Chuck's assigned Curtiss to work as a helper on a garbage truck owned and operated by GSX.[4] Chuck's paid Curtiss for the work, but Curtiss reported daily to GSX. On April 4, 1984, Curtiss was injured when a driver of a GSX truck drove the truck over Curtiss' right foot. Curtiss filed a claim for workers' compensation benefits and received medical and temporary disability from Chuck's workers' compensation insurer, the State Compensation Insurance Fund. On January 10, 1985, Curtiss settled his workers' compensation claim for $24,000. It was

conceded by Curtiss that on the date of the injury GSX qualified as his statutory employer under the Workers' Compensation Act. Curtiss, however, defended against the motion for summary judgment by arguing that the tort immunity granted to statutory employers is unconstitutional as violative of the Colorado constitutional guarantee of equal protection of the laws, Colo. Const. art. II, § 25, the right of access to the courts, Colo. Const. art. II, § 6, and the constitutional prohibition against special legislation, Colo. Const. art. V, § 25.

The district court granted GSX's motion for summary judgment, ruling that GSX was Curtiss' statutory employer, that the Colorado Workers' Compensation Act precluded Curtiss' claim for injuries against a statutory employer, and that the tort immunity created by the statutory scheme did not violate the Colorado Constitution. Curtiss thereafter filed this appeal.

## III.

■ We will address separately Curtiss' constitutional challenges to the statutory employer and immunity provisions of the Colorado Workers' Compensation Act.

### A.

Curtiss initially asserts that the statutory employer provisions violate equal protection of the laws under the Colorado Constitution because they bar an employee of a contractor from suing in tort a "contracting out" company for work-related injuries, while no such statutory prohibition exists in other situations, such as, for example, a tort claim by a "loaned employee" against a "borrowing employer" for work-related injuries. *See Continental Sales Corporation v. Stookesbury,* 170 Colo. 16, 459 P.2d 566 (1969). In 1976 this court considered and rejected a similar challenge in *Edwards v. Price,* 191 Colo. 46, 550 P.2d 856 (1976). The court in *Edwards* held that the statutory scheme prohibiting an employee of a subcontractor from filing a tort action

---

**4.** Deposition testimony submitted in support of GSX's motion for summary judgment indicated that Chuck's would bill the company to which its employee was assigned for the hours worked by the employee and would then pay the employee an hourly wage less than the hourly rate charged to the company.

against a general contractor for work-related injuries did not violate equal protection of the laws, even though these same provisions did not prevent an employee of a subcontractor from bringing a tort claim against another subcontractor or an employee of a general contractor from bringing a tort claim against a subcontractor. The statutory classification that included within the category of "statutory employer" any general contractor that contracted out any part of its business to a subcontractor was reasonable because, according to the *Edwards* court, the general contractor was generally more financially secure than the subcontractor and thus better able to provide workers' compensation coverage for work-related injuries sustained by an employee of the subcontractor. The court also ruled in *Edwards* that this classification was reasonably related to the legitimate governmental objective of providing monetary relief for injured employees, without regard to fault, by making the more financially solvent general contractor ultimately responsible for workers' compensation benefits to the employees of all subcontractors. *Id.; see also Ellerman v. Amax, Inc.,* 194 Colo. 392, 572 P.2d 836 (1977).

By a parity of reasoning, the rationale of *Edwards* applies here. Treating a company that contracts out all or any part of its work to a contractor or subcontractor as a "statutory employer," with workers' compensation liability to employees of the contractor or subcontractor and corresponding immunity from tort claims by such employees for work-related injuries, is a classification that has a reasonable basis in fact. The "contracting out" company is likely to be more financially secure than the contractor or subcontractor with which it contracts and, in that respect, more financially able to provide workers' compensation coverage than the contractor or subcontractor. No less than in *Edwards,* this classification bears a reasonable relationship to the legitimate objective of providing monetary relief for workers injured in the course of their employment. We thus reject Curtiss' equal protection challenge.

## B.

■ We next consider Curtiss' claim that the statutory employer and immunity provisions of Colorado's Workers' Compensation Act deny injured workers access to the courts in violation of Article II, section 6 of the Colorado Constitution, which states that courts of justice shall be open to every person and a speedy remedy afforded for every injury. We rejected a similar claim in *O'Quinn v. Walt Disney Productions, Inc.,* 177 Colo. 190, 493 P.2d 344 (1972), noting that Article II, section 6 of the Colorado Constitution is not a prohibition against a legislative change of a preexisting right, but rather requires the courts to be available to effectuate any right that has actually accrued under the law. 177 Colo. at 195, 493 P.2d at 346; *see also Vogts v. Guerrette,* 142 Colo. 527, 351 P.2d 851 (1960). Because the statutory employer provisions in existence at the time of Curtiss' injury immunized a statutory employer against a tort claim by a worker for work-related injuries, Curtiss had no accrued right to sue GSX in negligence for the injury and damage he sustained in the accident of April 4, 1984. The rejection of Curtiss' tort claim, therefore, does not violate Article II, section 6 of the Colorado Constitution.

## C.

Curtiss' final claim is that the statutory employer provisions violate Article V, section 25 of the Colorado Constitution, which prohibits the General Assembly from enacting special legislation. This constitutional prohibition is directed at "legislation that applies to some classes but not to others without a reasonable basis for distinguishing between them, or legislation that exempts some members of a class from coverage without a reasonable basis for the exemption." *City of Montrose v. Public Utilities Commission,* 732 P.2d 1181, 1190 (Colo.1987). A law does not violate the special legislative prohibition, however, when it is "general and uniform in its operation upon all in like situation." *McCarty v. Goldstein,* 151 Colo. 154, 158, 376 P.2d

691, 692–93, (1962); *accord, e.g., City of Montrose,* 732 P.2d at 1191; *Denver Urban Renewal Authority v. Byrne,* 618 P.2d 1374, 1385 (Colo.1980). Article V, section 25, in other words, "is concerned with the composition of the group that is covered by a particular piece of legislation, rather than the scope of the subject matter of the legislation." *City of Montrose,* 732 P.2d at 1190.

The "special legislation" claim raised by Curtiss in this case was rejected by the court in *O'Quinn,* 177 Colo. at 195, 493 P.2d at 346, where it stated:

> [T]he instant legislation confers an immunity on a general contractor ... in exchange for a duty which inheres to the benefit of a workman. Thus, while on the one hand a workman will be required to forego a negligence action against a general contractor ..., he will on the other hand be assured that regardless of fault, the more solvent general contractor ... stands behind and secures the Workmen's Compensation liability of the workman's immediate employer. This is not special legislation.

We adhere to our decision in *O'Quinn* and reject Curtiss' "special legislation" claim raised here.

The judgment is affirmed.