**George D. CHARLTON, Emaline J. Charlton and Susan L. Johnsen, Plaintiffs–Appellants,**

v.

**Ricky R. KIMATA, Catherine Kimata, and Allstate Insurance Company, Inc., an Illinois corporation, Defendants–Appellees.**

**No. 90SA118.**

Supreme Court of Colorado, En Banc.

July 15, 1991.

Rehearing Denied Sept. 16, 1991.

Herbert A. Delap, Eugene A. Over, Jr., Delap & Barry, P.C., Denver, for plaintiffs-appellants.

Wayne L. Johnson, Englewood, for defendants-appellees Ricky and Catherine Kimata.

Patricia M. Ayd, Robert A. Zupkus, Zupkus & Ayd, P.C., Denver, for defendant-appellee Allstate Ins. Co.

Justice MULLARKEY delivered the Opinion of the Court.

The question in this case is whether section 12–47–128.5(4), 5 C.R.S. (1990 Supp.), which creates a limited claim for relief against social hosts who furnish alcoholic beverages to their guests, precludes the plaintiffs' common-law negligence claims and, if it does, whether the statute violates the state constitutional right of access to the courts, Colo. Const. Art. II, § 6, the constitutional guarantee of equal protection of the laws, Colo. Const. Art. II, § 25, or the constitutional prohibition against special legislation, Colo. Const. Art. V, § 25. The district court granted summary judgment in favor of the defendants, ruling that the statute barred the plaintiffs' claims and was constitutional.[1] We affirm the judgment of the district court.

## I.

On the afternoon of February 8, 1987, Linda Felde, then forty-one years old, attended a housewarming party at the residence of Ricky and Catherine Kimata. Felde and the Kimatas were employees of the defendant, Allstate Insurance Company, Inc., as were most of the other guests at the party. While at the party, Felde consumed alcoholic beverages furnished by the Kimatas.

After leaving the party, Felde turned the wrong way onto a one-way street and crashed head-on with the car in which George Charlton and his son-in-law, Wayne Johnsen, were riding. Wayne Johnsen died from the injuries he received in the crash and George Charlton sustained serious injuries.

Felde subsequently pled guilty to the charges of driving under the influence, vehicular homicide, and vehicular assault. George Charlton, joined by his wife, Emaline, and daughter, Susan Johnsen, brought a separate suit against Felde that was later settled. When the plaintiffs learned of Felde's whereabouts prior to the accident during the course of discovery in their suit against Felde, they brought suit against the Kimatas in their capacity as social hosts. They raised claims of negligence, negligence *per se*, and negligent infliction of emotional distress. They also alleged that the Kimatas and Allstate conspired to fraudulently conceal material facts relating to the case and they asked the court to award exemplary damages.

The Kimatas and Allstate each filed a motion for summary judgment arguing that section 12–47–128.5(4) bars the plaintiffs' claims and the trial court granted their motions. The plaintiffs now appeal the trial court order and challenge the constitutionality of section 12–47–128.5(4).

## II.

■ We first address whether section 12–47–128.5(4) bars the plaintiffs' negligence claims. The plaintiffs contend that they had a common law claim for relief against the Kimatas as social hosts that was not abolished by section 12–47–128.5(4). We disagree.

Before the legislature passed section 12–47–128.5 in 1986, the common law had been interpreted to permit negligence claims against alcohol vendors. *See Lyons v. Nasby*, 770 P.2d 1250 (Colo.1989); *Largo Corp. v. Crespin*, 727 P.2d 1098 (Colo. 1986); *Floyd v. Bartley*, 727 P.2d 1109 (Colo.1986).[2] But this court had not extended the reach of the common-law negligence claims against alcohol vendors to social hosts.

Since the passage of section 12–47–128.5, the liability of alcohol vendors and social hosts has been strictly a creature of statute

---

1. We have jurisdiction because this is an appeal from the final judgment of a district court in which the constitutionality of a statute is at issue. *See* § 13–4–102(1)(b), 6A C.R.S. (1987).

2. These decisions interpreted the state of the law prior to the enactment of § 12–47–128.5.

in Colorado, *see Largo Corp. v. Crespin,* 727 P.2d at 1106 n. 3. Subsection (4), which relates to social host liability, provides:

> (a) No social host who furnishes any alcoholic beverage is civilly liable to any injured individual or his estate for any injury to such individual or damage to any property suffered, including any action for wrongful death, because of the intoxication of any person due to the consumption of such alcoholic beverages, except when:

> (I) It is proven that the social host willfully and knowingly served any malt, vinous, or spirituous liquor to such person who was under the age of twenty-one years; and

> (II) The civil action is commenced within one year after such service.

> (b) No civil action may be brought pursuant to this subsection (4) by the person to whom such alcoholic beverage was served or by his estate, legal guardian, or dependent.

> (c) The total liability in any such action shall not exceed one hundred fifty thousand dollars.

§ 12–47–128.5(4). By enacting section 12–47–128.5(4), the legislature provided victims of the tortious acts of intoxicated minor [3] guests with a claim for relief against social hosts.[4]

██ In interpreting a statute, a court's primary task is to ascertain and give effect to the intent of the General Assembly. *People v. Guenther,* 740 P.2d 971, 975 (Colo.1987). To discern the General Assembly's intent in enacting a statute, we must first look to the language of the statute itself, giving the statutory terms their plain and ordinary meaning, *see, e.g., Climax Molybdenum v. Walter,* 812 P.2d

1168, 1173 (Colo.1991); *Colorado Common Cause v. Meyer,* 758 P.2d 153, 160 (Colo. 1988). If possible, we must give effect to every word of the statute. *See Johnston v. City Council of City of Greenwood Village,* 177 Colo. 223, 228, 493 P.2d 651, 654 (1972).

Here the plain language of the statute indicates that social hosts who furnish alcoholic beverages to their guests are not liable for any injuries suffered due to the tortious actions of their intoxicated guests unless the social host "willfully and knowingly" serves alcohol to a minor. Because it is undisputed that Felde was forty-one years old at the time of the accident, the statute precludes plaintiffs' claims and the Kimatas cannot be held liable for Felde's tortious actions.

### III.

██ We now turn to the plaintiffs' claim that section 12–47–128.5 violates the constitutional right of access to the courts, the constitutional guarantee of equal protection of the laws, and the constitutional prohibition against special legislation. As a preliminary matter, we note that a statute is presumed to be constitutional, and the burden is on the party attacking the statute to establish its unconstitutionality beyond a reasonable doubt. *Palmer v. A.H. Robins Co., Inc.,* 684 P.2d 187, 214 (Colo. 1984).

### A.

██ The plaintiffs contend that section 12–47–128.5(4) deprives them of their right to access to the courts in violation of Article II, Section 6, of the Colorado Constitution. As discussed above, there existed no common-law claim for relief against social hosts prior to the enactment of section 12–

---

**3.** Under § 2–4–401(6), 1B C.R.S. (1980), a "minor" is "any person who has not attained the age of twenty-one years."

**4.** § 12–47–128.5 also expressly abolished all common-law actions against alcohol vendors with two exceptions. The legislature allowed injured plaintiffs to bring suit against an alcohol vendor who "willfully and knowingly" serves or sells liquor to a minor or someone who is visi-

bly intoxicated if such suit is filed within one year. The plaintiffs argue that third party common-law negligence causes of action against social hosts remained because the legislature did not expressly abolish them in § 12–47–128.5(1). However, the legislature's failure to abolish expressly such common-law negligence causes of action against social hosts is understandable because no such action then existed.

47–128.5. In *Curtiss v. GSX Corp. of Colorado,* 774 P.2d 873 (Colo.1989), and *O'Quinn v. Walt Disney Productions, Inc.,* 177 Colo. 190, 493 P.2d 344 (1972), we held that Article II, Section 6, is not a prohibition against a legislative change of a pre-existing right but rather requires the courts to be available to effectuate any right that has actually accrued under the law. However, even if the plaintiffs had had an accrued right to sue the Kimatas in negligence for the tortious acts of their social guest, *Curtiss* and *O'Quinn* recognize that the legislature may change pre-existing rights. Accordingly, Article II, Section 6, is not violated by rejecting the plaintiffs' common-law negligence claims.

## B.

█ The plaintiffs next argue that section 12–47–128.5 denies the plaintiffs equal protection of laws under Article II, Section 25, of the Colorado Constitution. Specifically, the plaintiffs contend that: (1) the statute unconstitutionally distinguishes between social hosts and other tortfeasors, and between victims of intoxicated adult guests and victims of intoxicated minor guests; (2) the statute, by requiring proof of "willful and knowing" conduct, impermissibly discriminates between social hosts and other tortfeasors against whom a similar degree of intent is not required; (3) the statute unconstitutionally limits the liability of social hosts to $150,000; and (4) the statute unconstitutionally limits the period of limitations for victims of the tortious acts of intoxicated guests to one year while the statutes of limitations for victims of other torts is two years.

█ Equal protection of the laws assures like treatment of all those who are similarly situated. *Gallegos v. Phipps,* 779 P.2d 856, 860 (Colo.1989). If the classification neither affects a fundamental right, nor creates a suspect classification, nor is based on gender, then the rational basis test is applied. This test requires that the statutory classification bear a rational relationship to a permissible government interest. *See Torres v. Portillos,* 638 P.2d 274, 276 (Colo.1981).

█ The rational basis test is the appropriate test to apply to the classifications at issue. As we noted in *Austin v. Litvak,* 682 P.2d 41, 50 (Colo.1984), there are two distinct prongs to this test. We must determine, first, whether the classification has some rational basis in fact and second, whether it is rationally related to a legitimate state purpose. *See also Gallegos v. Phipps,* 779 P.2d at 860; *People v. Velasquez,* 666 P.2d 567, 569 (Colo.1983).

In section 12–47–128.5, the legislature addressed the serious problem of alcohol-related injuries and deaths in the state.[5] Until recently, persons injured from the negligent acts of an intoxicated person had no claim for relief against either the vendor who sold alcohol to the intoxicated person or the social host who served alcohol to the intoxicated person. Under the traditional common law rule, the consumption of alcohol, not its provision, was identified as the proximate cause of the accident. While most courts have departed from this common law rule with respect to alcohol vendors, few courts have departed from the rule with respect to social host liability.[6] Two reasons most often mentioned for this

---

**5.** The problem of alcohol-related accidents has been a subject of strenuous debate and commentary. *See, e.g.,* Note, *Social Host Liability: Am I My Brother's Keeper?,* 21 New Eng.L.Rev. 351 (1985–86); Note, *Social Host Liability For Injuries Caused By The Acts of an Intoxicated Guest,* 59 N.D.L.Rev. 445 (1983); Comment, *The Continuing Search for Solutions to the Drinking Driver Tragedy and the Problem of Social Host Liability,* 82 Nw.U.L.Rev. 403 (1988); Comment, *Crespin v. Largo Corporation and the Legislative Response: The Turbulent State of Dram Shop Liability in Colorado,* 57 U.Colo.L.Rev. 419 (1986).

**6.** Some courts have held that plaintiffs may bring suit against social hosts for the negligent acts of their intoxicated guests. *See, e.g., Kelly v. Gwinnell,* 96 N.J. 538, 476 A.2d 1219 (1984); *McGuiggan v. New England Tel. & Tel. Co.,* 398 Mass. 152, 496 N.E.2d 141 (1986); *Ashlock v. Norris,* 475 N.E.2d 1167 (Ind.App.1985). In other states, however, when the courts held that plaintiffs could bring such suits, the legislature responded by limiting or abolishing the cause of action by statute. *See* Cal. Bus. & Prof. Code § 25602 (West 1985), Cal.Civ.Code § 1714 (West 1985); Iowa Code § 123.49 (1991); Wis.Stat. Ann. § 125.035 (West 1989).

difference in treatment is that social hosts do not have the ability to spread the cost of liability among their guests and social hosts are not necessarily capable of monitoring their guests' consumption or identifying at which point their guests become intoxicated. *See generally* Note, *Social Host Liability: Opening a Pandora's Box,* 61 Ind.L.J. 85, 108–114 (1985).

When the legislature enacted section 12–47–128.5, it adopted the common law rule that the consumption of alcohol is the proximate cause of any resulting injuries. Although in *Largo Corp. v. Crespin,* 727 P.2d 1098, and *Lyons v. Nasby,* 770 P.2d 1250, we departed from the common-law rule in the context of an alcohol vendor's sale of alcohol, we recognized that upon the enactment of section 12–47–128.5, a plaintiff's exclusive remedy for the negligent provision of alcohol by vendors or social hosts would come from section 12–47–128.5. In subsection (1) of this statute, the legislature provides that "in certain cases the consumption of alcoholic beverages rather than the sale, service, or provision thereof is the *proximate cause* of the injuries or damages inflicted upon another by an intoxicated person except as otherwise provided in this section." § 12–47–128.5(1) (emphasis supplied). By stating that the "proximate cause" of the injuries or damages is the consumption of the alcoholic beverages by the person who later acts negligently, the legislature assigned the legal responsibility for those acts to that person even though other causes, i.e., the provision of alcohol, led to the result. *See generally* W. Prosser & W. Keaton, *The Law of Torts* § 42 (5th ed. 1984).

The rationale for so placing the legal responsibility upon the person consuming the alcohol according to Representative Hamlin, co-sponsor of Senate Bill 86 which included section 12–47–128.5, is that an individual who makes the deliberate choice to consume alcohol should be responsible if his choice results in negligence. Tape Recordings of Hearings before the House Business Affairs Committee on S.B. 86, March 13, 1986, 55th General Assembly.

During this hearing, another legislator stated that it would be inequitable to place the responsibility on a social host for a guest's decision to drink and drive. This reasoning together with the plain words of the statute make clear the legislature's intent to retain the common law rationale that a person's decision to drink is an "intervening cause" in the chain of causes leading to the injuries. *See Largo v. Crespin,* 727 P.2d at 1103. *See also Social Host Liability: Am I My Brother's Keeper?,* 21 New Eng.L.Rev. 351, 358 (1985–86). Although the result of identifying consumption of alcohol as the "proximate cause" of alcohol-related negligence generally precludes a claim of negligence against a social host, we find that the legislative distinction has a basis in fact and is rationally related to a legitimate state interest, preventing alcohol-related negligence. Even if this court might draw the distinction differently with respect to tortious conduct, where to draw the distinction is within the legislature's discretion. *See McCarty v. Goldstein,* 151 Colo. 154, 159, 376 P.2d 691, 693 (1962).

The legislature makes a further distinction under the statute: the provision of alcohol to a guest by a social host does not constitute negligence unless the guest is a minor. This exception resembles the old common law negligence *per se* action against alcohol vendors who serve alcohol to minors in violation of section 12–47–128. Under section 12–47–128(5)(a)(I), 5 C.R.S. (1990 Supp.), "it is unlawful for any person ... [t]o sell malt, vinous, or spirituous liquors to any person under the age of twenty-one years...." As a result of this exception, victims of the negligent acts of intoxicated minors have a cause of action against the minors' social hosts while victims of the negligent acts of intoxicated adults do not have a cause of action against the adults' social hosts. The plaintiffs contend that this resulting classification violates their right to equal protection under the law.

Here, the legislative determination that social hosts may be held liable for "willfully and knowingly" serving liquor to minors

directly correlates [7] to the legislature's determination regarding the age at which a person may legally be served or sold alcohol. There exist several public policy reasons to prohibit the provision of alcohol to minors. *See* 4 D. Nichols, *Drinking/Driving Litigation,* § 38.18 (1985). Minors are "easily influenced, ... unable to make fully rational decisions ... and [they] are more susceptible to magnified physical and mental reactions after consuming liquor." *Id.* Furthermore, the state has an interest in protecting others from the "increased social costs and potential personal injuries which may result from the intoxication of underage individuals." *Id. See also Wiener v. Gamma Phi Chapter of Alpha Tau Omega Fraternity,* 258 Or. 632, 485 P.2d 18 (1971); *Brattain v. Herron,* 159 Ind.App. 663, 309 N.E.2d 150 (1974). Thus the legislature's classification is based on the previously established distinction between minors and adults with respect to the consumption of alcohol.

Accordingly, we find that the statutory exception for minor guests to the general rule that social hosts are not liable for their guests' negligent acts has its basis in fact. We also find that the state has a legitimate interest in deterring alcohol-related injuries caused by intoxicated minors. Thus, even though this classification may result in a claim for relief for victims of minor guests but not for victims of adult guests, it is rationally related to the government interest.

Consequently, plaintiffs' right to equal protection is not violated by the operation of this statute.[8]

## C.

▌ Plaintiffs' final claim is that section 12–47–128.5(4) violates Article V, Section 25, of the Colorado Constitution, which prohibits the General Assembly from enacting special legislation, because it limits the liability of social hosts who serve liquor to their guests. We find this claim without merit.

Article V, Section 25, provides that "[t]he general assembly shall not pass ... special laws ... granting to any corporation, association or individual any special or exclusive privilege, immunity or franchise whatever." In *McCarty v. Goldstein,* 151 Colo. at 158, 376 P.2d at 693, we stated that "a law is not local or special when it is general and uniform in its operation upon all in like situation." *Quoting Allen v. Bailey,* 91 Colo. 260, 14 P.2d 1087 (1932). *Accord Curtiss v. GSX Corp. of Colorado,* 774 P.2d at 876–877; *Bushnell v. Sapp,* 194 Colo. 273, 279, 571 P.2d 1100, 1104 (1977); *O'Quinn v. Walt Disney Productions, Inc.,* 177 Colo. 190, 195, 493 P.2d 344, 346; *People ex rel. Johnson v. Earl,* 42 Colo. 238, 264, 94 P. 294, 302 (1908). Section 12–47–128.5(4) does not grant "a corporation, association or individual" immunity from suit. Colo. Const. Art. V, § 25. Rather it is an attempt to impose liability for negligent acts caused by alcohol consumption that applies uniformly to adults who consume alcohol as social guests. Therefore, this is not special legislation in violation of Article V, Section 25.

## IV.

In conclusion, we find that section 12–47–128.5(4) is constitutional and bars the plaintiffs' claims.

▐

---

7. While § 12–47–128.5(4)(a)(I) requires "willful and knowing" conduct, § 12–47–128(5)(a)(I) does not have an intent requirement. *See Hershorn v. People,* 108 Colo. 43, 56, 113 P.2d 680, 686 (1941).

8. Since we uphold the statute insofar as it provides that the consumption of alcohol is the proximate cause of alcohol-related negligence and as it precludes an adult's cause of action against his or her social hosts, plaintiffs' claims against the Kimatas for serving alcohol to their forty-one-year-old guest must fail. Thus we need not address plaintiffs' remaining challenges to the statute.