Curtis SIGMAN, By and Through his heirs, Kris SIGMAN, Recil Sigman, Mary Sigman, and Kathy Kacal, Plaintiffs–Appellants,

v.

SEAFOOD LIMITED PARTNERSHIP I and Seafood Enterprises, Inc., Defendants–Appellees.

No. 90SA376.

Supreme Court of Colorado, En Banc.

Sept. 16, 1991.

Jeffrey R. Edelman, P.C., Jeffrey R. Edelman, Joseph Haughain, Denver, for plaintiffs-appellants.

Hall & Evans, Alan Epstein, Michael Brice Sullivan, Denver, for defendants-appellees.

Wilcox, Ogden & Cox, P.C., Ralph Ogden, Denver, for amicus curiae The Colorado Trial Lawyers Ass'n.

Justice VOLLACK delivered the Opinion of the Court.

The heirs of Curtis Sigman (plaintiffs) appeal the district court's dismissal of their wrongful death action based on its ruling that section 12–47–128.5, 5 C.R.S. (1990 Supp.), precluded the plaintiffs' claims and

that the statute was constitutional.[1] We affirm.

## I.

On July 19, 1989, Curtis Sigman (Sigman) consumed an excessive amount of alcoholic beverages at a bar and restaurant in Denver, Colorado, known as Mostly Seafood. When the inebriated Sigman attempted to leave the restaurant, he fell down a flight of stairs, incurring head injuries that resulted in his death on July 25, 1989.

In May 1990, Sigman's heirs instituted a wrongful death action against the defendants, Seafood Limited Partnership I, the owner of Mostly Seafood, and its general partner, Seafood Enterprises, Inc. The plaintiffs asserted six causes of action based on negligent supervision, vicarious liability, negligence resulting in wrongful death, negligence per se, outrageous conduct, and entitlement to exemplary damages. The defendants filed a motion to dismiss the plaintiffs' complaint for failure to state a claim upon which relief can be granted pursuant to C.R.C.P. 12(b)(5), arguing that section 12–47–128.5(3)(b) barred the plaintiffs' claims. The district court granted the defendants' motion, concluding that the statute precluded the plaintiffs' claims and that, contrary to the plaintiffs' contention, the statute was constitutional.

## II.

The plaintiffs argue that section 12–47–128.5 does not preclude their wrongful death action against the defendants. We disagree.

At common law, no remedy was provided against one who furnished alcoholic beverages to a person who became inebriated and consequently injured himself or another. *See Lyons v. Nasby,* 770 P.2d 1250, 1253 (Colo.1989). This common law rule of nonliability was based on the theory that the consumption of alcoholic beverages, rather than the provision of it, was the proximate cause of the injury. *See Largo*

*Corp. v. Crespin,* 727 P.2d 1098, 1103 (Colo.1986); Note, *Crespin v. Largo Corporation and the Legislative Response: The Turbulent State of Dram Shop Liability in Colorado,* 57 U.Colo.L.Rev. 419, 422 (1986); Note, *Dramshop Liability: Should the Intoxicated Person Recover for His Own Injuries?* 48 Ohio St.L.J. 227, 228 (1987). Beginning in 1986, this court joined those jurisdictions that rejected the traditional common law rule and permitted negligence actions against vendors of alcoholic beverages. *See Lyons v. Nasby,* 770 P.2d 1250 (Colo.1989); *Largo Corp. v. Crespin,* 727 P.2d 1098 (Colo. 1986); *Floyd v. Bartley,* 727 P.2d 1109 (Colo.1986). Specifically, in *Largo* and *Floyd* this court allowed negligence actions against vendors of alcoholic beverages by third parties injured by intoxicated patrons, and in *Lyons* we permitted first-party negligence claims against tavern owners by intoxicated patrons who injured themselves, such as occurred in the present case. In *Lyons,* we advised, however, that our holding applied only to those cases accruing prior to the 1985 and 1986 statutory amendments which limited tavern owners' liability to their customers. *See* §§ 12–46–112(1)(b)(III), 12–47–128(5)(a)(IV), 5 C.R.S. (1985); §§ 12–46–112.5, 12–47–128.5, 5 C.R.S. (1990 Supp.).

With the passage of section 12–47–128.5 on May 3, 1986, the liability of vendors of alcoholic beverages and social hosts became strictly a creature of statute. *Charlton v. Kimata,* 815 P.2d 946, 948 (Colo. 1991); *Lyons,* 770 P.2d at 1253; *Largo,* 727 P.2d at 1106 n. 3. The statute, and not the *Lyons* holding, applies in the present case since the plaintiffs' cause of action accrued in 1989.

Section 12–47–128.5 provides in relevant part:

(1) The general assembly hereby finds, determines, and declares that this section shall be interpreted so that any common law cause of action against a vendor of alcoholic beverages is abolished and that

---

[1] We have jurisdiction over this appeal because the constitutionality of a statute is in question.

*See* § 13–4–102(1)(b), 6A C.R.S. (1987).

in certain cases the consumption of alcoholic beverages rather than the sale, service, or provision thereof is the proximate cause of injuries or damages inflicted upon another by an intoxicated person except as otherwise provided in this section.

. . . .

(3)(a) No licensee is civilly liable to any injured individual or his estate for any injury to such individual or damage to any property suffered because of the intoxication of any person due to the sale or service of any alcoholic beverage to such person, except when:

(I) It is proven that the licensee willfully and knowingly sold or served any malt, vinous, or spirituous liquor to such person who was under the age of twenty-one years or who was visibly intoxicated; and

(II) The civil action is commenced within one year after such sale or service.

(b) No civil action may be brought pursuant to this subsection (3) by the person to whom the alcoholic beverage was sold or served or by his estate, legal guardian, or dependent.

(c) In any civil action brought pursuant to this subsection (3), the total liability in any such action shall not exceed one hundred fifty thousand dollars.

■■■ In construing a statute, we must ascertain and effectuate the intent of the General Assembly. *E.g., In the Interest of R.C.*, 775 P.2d 27, 29 (Colo.1989). To determine the legislature's intent, we first look to the statutory language itself, giving words and phrases their plain and ordinary meaning. *E.g., People v. District Court*, 713 P.2d 918, 921 (Colo.1986). Where the statutory language is clear and unambiguous the statute must be applied as written, and there is no need to employ the interpretative rules of statutory construction. *Griffin v. S.W. Devanney & Co.*, 775 P.2d 555, 559 (Colo.1989). Constructions which defeat the obvious intent of the legislature must be avoided, *People v. District*

*Court*, 713 P.2d at 921, and courts must construe statutes harmoniously whenever possible. *People in the Interest of D.L.E.*, 645 P.2d 271, 274 (Colo.1982).

■■■ The plain language of section 12–47–128.5(1) provides that all common law causes of action against vendors of alcoholic beverages are abolished, thereby making dramshop liability strictly a creature of statute in Colorado. *See Lyons*, 770 P.2d at 1253. Subsection 3(a) addresses third-party claims, allowing recovery against a vendor of alcoholic beverages only when the injured third party proves that the vendor "willfully and knowingly" sold alcoholic beverages to a minor[2] or someone who was "visibly intoxicated." § 12–47–128.5(3)(a)(I). Subsection 3(b) addresses first-party claims and applies to the present case. That section states that "[n]o civil action may be brought [against a licensee] by the person to whom the alcoholic beverage was sold or served or by his estate, legal guardian, or dependent." § 12–47–128.5(3)(b).

■■■ The civil action before us is a wrongful death action brought by Sigman's heirs. The wrongful death statute, § 13–21–202, 6A C.R.S. (1987), provides:

When the death of a person is caused by a wrongful act, neglect, or default of another, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable, if death had not ensued, shall be liable in an action for damages notwithstanding the death of the party injured.

Pursuant to Colorado's wrongful death statute, the plaintiffs can maintain an action only if Sigman could have done so had his injuries not been fatal. *See Lyons*, 770 P.2d at 1251; *Mangus v. Miller*, 35 Colo. App. 335, 339, 535 P.2d 219, 221 (1975). Section 12–47–128.5(3)(b) would have

2. A "minor" is "any person who has not attained the age of twenty-one years." § 2–4–401(6), 1B C.R.S. (1980).

barred a claim by Sigman against the defendants had he survived the accident, since under that section "[n]o civil action may be brought ... by the person to whom the alcoholic beverage was sold or served." *See Lyons,* 770 P.2d at 1256 (enactment of § 12–47–128.5(3)(b) "effectively precludes a patron from suing a tavern owner"). Because section 12–47–128.5(3)(b) would have denied Sigman a cause of action against the defendants had he lived, Sigman's heirs are precluded from bringing a wrongful death action against the defendants. *See* § 13–21–202.

By abolishing first-party claims against vendors of alcoholic beverages, the legislature has adopted the common law theory that the consumption of alcoholic beverages, rather than the sale or service thereof, is the proximate cause of the inebriate's injuries. *See* § 12–47–128.5(1). It is therefore the General Assembly's intent that imbibers of alcoholic beverages be responsible for whatever personal injuries they may suffer as a result of their intoxication. To allow the plaintiffs to pursue their wrongful death action against the defendants in the present case would undermine the legislature's aim of denying compensation where an individual's injury resulted from his own intoxication. We therefore hold that the statutes preclude the plaintiffs from bringing their wrongful death action.[3]

### III.

■ We next address the plaintiffs' contention that section 12–47–128.5 is unconstitutional. The plaintiffs argue that the language in section 12–47–128.5 is so vague as to violate due process and that the statute violates the constitutional guarantee of equal protection of the laws, U.S. Const. amend. XIV and Colo.Const. art. II, § 25, the constitutional prohibition against special legislation, Colo.Const. art. V, § 25, and the constitutional right of access to the courts, Colo.Const. art. II, § 6. At the outset, we note that a statute is presumed to be constitutional, and the party challenging the statute must prove its unconstitutionality beyond a reasonable doubt. *Palmer v. A.H. Robins Co.,* 684 P.2d 187, 214 (Colo.1984).

### A.

■ The plaintiffs contend that section 12–47–128.5(1)'s provision that "in certain cases the consumption of alcoholic beverages rather than the sale, service, or provision thereof is the proximate cause of injuries or damages inflicted upon another by an intoxicated person" is unconstitutionally vague so as to violate due process of law. The plaintiffs argue that this clause is vague because it fails to specify the "certain cases" in which the consumption of alcoholic beverages, rather than the sale, service, or provision thereof, is the proximate cause of injuries sustained. We disagree.

While due process of law requires that statutes be understandable, *Earl & Sons Tire Center v. City of Boulder,* 192 Colo. 360, 363, 559 P.2d 236, 239 (1977), it "has never required mathematical exactitude in legislative draftsmanship." *People ex rel. City of Arvada v. Nissen,* 650 P.2d 547, 550 (Colo.1982). "A court should look to the purpose and context of the law in question in order to determine whether its terms have a sufficiently definite and understandable meaning." *Earl & Sons,* 192 Colo. at 363–64, 559 P.2d at 239.

The "certain cases" language in subsection (1) does not render section 12–47–128.5 unconstitutionally vague because the term is sufficiently defined in subsections (3)(a) and (4)(a) of the statute. Subsection (1) is a preliminary statement enunciating the legislature's intent to make dramshop liability strictly a creature of statute and to shift the responsibility for drinking alcoholic beverages from the vendor or provider of alcoholic beverages to the consumer, with certain exceptions.

Under subsection (3)(a)(I), the sale or service of alcoholic beverages by a vendor

---

**3.** In holding that the plaintiffs' action is barred by the plain language of § 12–47–128.5(3)(b) and § 13–21–202, we believe the plaintiffs' arguments to the contrary to be without merit and therefore decline to address them individually.

may be the proximate cause of injuries inflicted on a third party by an intoxicated patron if the vendor "willfully and knowingly" sold or served any liquor to a minor or to a patron "who was visibly intoxicated." Under subsection (4)(a)(I), the provision of alcoholic beverages by a social host may be the proximate cause of injuries inflicted on someone by an intoxicated minor guest if the social host "willfully and knowingly" served liquor to the minor. *See Charlton v. Kimata,* 815 P.2d 946, 949 (Colo.1991). Thus, the "certain cases" in which the consumption of alcoholic beverages is the proximate cause of injuries are all cases in which injuries result from intoxication, except those outlined in subsections (3)(a) and (4)(a). We therefore conclude that the term in question does not render section 12–47–128.5 unconstitutionally vague.

### B.

We next address the plaintiffs' contention that section 12–47–128.5 violates their constitutional right to equal protection of the laws. U.S. Const. amend. XIV; Colo. Const. art. II, § 25.

■ The fourteenth amendment to the United States Constitution declares that no state shall deny any person equal protection of the laws. The right to equal protection is guaranteed by the due process clause in the Colorado Constitution, article II, section 25. *Lujan v. Colorado State Bd. of Educ.,* 649 P.2d 1005, 1014 (Colo. 1982). This constitutional right assures that those who are similarly situated will receive like treatment. *Gallegos v. Phipps,* 779 P.2d 856, 860 (Colo.1989). Because section 12–47–128.5 does not involve a fundamental right, a suspect class, or a classification based on gender, we must use the rational basis test to determine whether the statute violates the plaintiffs' right to equal protection of the laws. *See Charlton,* at 950; *Lujan,* 649 P.2d at 1016. To survive constitutional scrutiny under this test, "different classes of persons may be treated differently without violating equal protection guarantees if the statutory classification has some rational basis in fact

and bears a rational relationship to legitimate governmental objectives." *Austin v. Litvak,* 682 P.2d 41, 49 (Colo.1984).

■ Here, the plaintiffs allege that section 12–47–128.5 discriminates against first-party claimants in dramshop liability actions by depriving them of any civil claim against vendors of alcoholic beverages. In *Charlton,* we held that section 12–47–128.5(4) did not violate equal protection guarantees by depriving those injured by adult guests of any civil claim against social hosts who served alcoholic beverages. In so holding, we stated:

> When the legislature enacted section 12–47–128.5, it adopted the common law rule that the consumption of alcohol is the proximate cause of any resulting injuries. Although in *Largo Corp. v. Crespin,* 727 P.2d 1098, and *Lyons v. Nasby,* 770 P.2d 1250, we departed from the common-law rule in the context of an alcohol vendor's sale of alcohol, we recognized that upon the enactment of section 12–47–128.5, a plaintiff's exclusive remedy for the negligent provision of alcohol by vendors or social hosts would come from section 12–47–128.5. In subsection (1) of this statute, the legislature provides that "in certain cases the consumption of alcoholic beverages rather than the sale, service, or provision thereof is the *proximate cause* of the injuries or damages inflicted upon another by an intoxicated person except as otherwise provided in this section." § 12–47–128.5(1) (emphasis supplied). By stating that the "proximate cause" of the injuries or damages is the consumption of the alcoholic beverages by the person who later acts negligently, the legislature assigned the legal responsibility for those acts to that person even though other causes, i.e., the provision of alcohol, led to the result.

*Charlton,* at 951 (citation omitted). We further noted that the legislative rationale for making consumption of alcoholic beverages the proximate cause of alcohol-related injuries was to make those who choose to consume alcoholic beverages responsible if their choice results in negligence. *Id.* at

951 (citing Tape Recordings of Hearings before the House Business Affairs Committee on S.B. 86, March 13, 1986, 55th General Assembly).

We find, as we did in *Charlton,* that placing legal responsibility on consumers of alcoholic beverages has a rational basis in fact and is rationally related to the legitimate state purpose of preventing alcohol-related negligence.[4] We therefore conclude that the plaintiffs' right to equal protection is not violated by section 12–47–128.5.

### C.

The plaintiffs further claim that abolishing first-party claims against vendors of alcoholic beverages violates article V, section 25, of the Colorado Constitution, which prohibits the General Assembly from enacting special legislation, "granting to any corporation, association or individual any special or exclusive privilege, immunity or franchise whatever." A statute is not special legislation, however, "when it is general and uniform in its operation upon all in like situation." *McCarty v. Goldstein,* 151 Colo. 154, 158, 376 P.2d 691, 693 (1962); *accord Curtiss v. GSX Corp.,* 774 P.2d 873, 876–77 (Colo.1989); *O'Quinn v. Walt Disney Prods.,* 177 Colo. 190, 195, 493 P.2d 344, 346 (1972). Section 12–47–128.5(3)(b)'s denial of first-party claims to consumers of alcohol applies uniformly to all vendors of alcoholic beverages. Therefore, the statute is not special legislation.

### D.

The plaintiffs' final contention is that section 12–47–128.5 denies them access to the courts in violation of article II, section 6, of the Colorado Constitution, which provides that "[c]ourts of justice shall be open to every person, and a speedy remedy afforded for every injury to person, property or character." This court recognized in *O'Quinn v. Walt Disney Productions,* 177 Colo. 190, 493 P.2d 344 (1972), that this constitutional provision "does not prevent the legislature from changing the law which creates a right. Rather, this section simply provides that if a right does accrue under the law, the courts will be available to effectuate such right." *Id.* at 195, 493 P.2d at 346; *accord Curtiss,* 774 P.2d at 876. Because the legislature abolished first-party claims against vendors of alcoholic beverages before Sigman's fatal injury occurred, the plaintiffs had no accrued right to bring a wrongful death action against the defendants. Therefore, the dismissal of the plaintiffs' suit does not violate article II, section 6, of the Colorado Constitution.

In conclusion, we find that section 12–47–128.5 is constitutional and bars the plaintiffs' wrongful death action. Judgment is affirmed.

---

4. We note that vendors of alcoholic beverages already have a statutory duty not to sell liquor to one who is visibly intoxicated, and risk criminal penalties, in addition to civil suits by injured third parties, if that duty is breached. *See* §§ 12–47–128(1)(a), 12–47–130(1)(a)–(2), 5 C.R.S. (1985). In our view, by shifting responsibility to consumers of alcoholic beverages, § 12–47–128.5 establishes an additional deterrence to overindulgence, which further promotes the legislative purpose of reducing alcohol-related injuries and fatalities.