392 So.2d 1292 (1980)
PINELLAS COUNTY DEPARTMENT OF CONSUMER AFFAIRS, Appellant,
v.
Michael F. CASTLE, Castle Construction Company and Mike Castle Corporation, Appellees.
No. 54452.
Supreme Court of Florida.
September 25, 1980.
Rehearing Denied February 20, 1981.
Robert G. Varner, Jr., Asst. County Atty., Clearwater, for appellant.
John L. Riley, St. Petersburg, for appellees.
Jim Smith, Atty. Gen., and William M. Grodnick, Asst. Atty. Gen., Miami, for the State of Florida, Dept. of Legal Affairs, amicus curiae.
*1293 OVERTON, Justice.
This is an appeal from a final judgment of the circuit court holding unconstitutional a special act, chapter 76-471, Laws of Florida, as amended by chapter 77-639, creating the Uniform Consumer Protection Act of Pinellas County. We have jurisdiction.[1] We find the act constitutional and reverse.
The appellee Castle was charged with various acts constituting unfair and deceptive trade practices by the Pinellas County Consumer Affairs Office under the authority of the subject special act. Castle thereupon filed a declaratory judgment action in circuit court, seeking to have the special act creating the Uniform Consumer Protection Act of Pinellas County declared unconstitutional.
The trial court, in declaring the consumer protection act of Pinellas County unconstitutional, found that (1) the Pinellas County special act was unenforceable because it was in conflict with the general law providing for statewide consumer protection, specifically Florida's Deceptive and Unfair Trade Practices Law, chapter 501, Florida Statutes (1977); (2) the special act denied sufficient access to the courts and due process of law; (3) the act denied equal protection since it applied only to citizens in a limited geographic area; and (4) the special act was an unlawful delegation of legislative authority.
In 1973 the Florida Legislature enacted the Florida Deceptive and Unfair Trade Practices Act, known as Florida's Little FTC Act, to apply statewide as set forth in chapter 501, Florida Statutes (1977). The appellee Castle, in asserting the unconstitutionality of the Pinellas County special act, cites a number of differences between it and the Little FTC Act. It is contended that because the special act provisions are inconsistent and irreconcilable with those of the general act, the general act prevails and the special act must be stricken.
Although one of the purposes of the "Little FTC Act" was to simplify and clarify the law governing consumer sales practices, it was not intended to preempt local consumer protection laws or ordinances. Specifically, section 501.213 of the Little FTC Act provides:
(1) The remedies of this part are in addition to remedies otherwise available for the same conduct under state or local law.
(2) This part is supplemental to, and makes no attempt to preempt, local consumer protection ordinances not inconsistent with this part.
[Emphasis supplied.]
We find that the inconsistencies alleged are without merit. The Pinellas County consumer protection act does not adversely affect the Florida Little FTC Act. When read together, the acts can be harmonized to accomplish the legislative purpose of consumer protection.
Principal among those inconsistencies found by the trial court to require the special act to be declared invalid were the provisions providing access to the courts. The Little FTC Act grants the enforcing authority, the Department of Legal Affairs, the power to issue cease-and-desist orders. It provides for direct review of such orders by the district courts of appeal in accordance with the Florida Administrative Procedure Act. § 120.68, Fla. Stat. (1977). Further, under the Little FTC Act a party has the right to stay the administrative proceeding and have it removed to the circuit court for trial. § 501.2091, Fla. Stat. (1977).
In contrast, the special act provides for review by common law certiorari in the circuit court. There is no provision for removal of the proceeding to the circuit court. Appellees contend that the special act thus denies access to the courts to those parties within its purview.
The special act expressly states that the Pinellas board can enforce its decisions only by filing an action for a declaratory judgment in the circuit court. Any final action under the special act can thus arise only after hearing in the circuit court. Parties cited under the special act are thus *1294 provided with two means of access to courts-the declaratory judgment action and common law certiorari. This means of access to the courts is sufficient to withstand constitutional attack.
Both the special act and general act provide a means for court access and judicial review; the presence of distinct methods of review is not fatal to the special act. Certiorari review comports with constitutional due process and court access requirements. Vargas v. Americana of Bal Harbour, 345 So.2d 1052 (Fla. 1976); Scholastic Systems, Inc. v. Leloup, 307 So.2d 166 (Fla. 1974).
The trial court also found, consistent with the appellees' allegations, that the act was unconstitutional on equal protection grounds because it unfairly singled out Pinellas citizens from the state population and subjected this limited class to the Pinellas act. If adopted, this argument would substantially restrict special laws and city or county ordinances, which in turn would severely hamper the power of local governments to govern. County and city ordinances necessarily apply only to citizens within a limited geographic area of the state. So long as this Pinellas County consumer protection act applies equally to all persons in Pinellas County, then the equal protection clause is satisfied. Pinellas County Veterinary Medical Society, Inc. v. Chapman, 224 So.2d 307 (Fla. 1969).
Finally, appellees contend that the act is unconstitutional because the legislature has provided insufficient guidelines in defining the conduct proscribed by the act and has further failed to describe the method of operation under the act. This unlawful delegation assault upon the special act is virtually identical to the unsuccessful challenge raised against the Little FTC Act in Department of Legal Affairs v. Rogers, 329 So.2d 257 (Fla. 1976), a decision which we recently reaffirmed in Askew v. Cross Key Waterways, 372 So.2d 913 (Fla. 1978). We find there are adequate standards limiting the discretion of the Pinellas County Department of Consumer Affairs under the provisions of the act.
We find that the legislature, in enacting the Little FTC Act, foresaw the passage of supplementary local consumer legislation or ordinances. Chapter 76-471, as amended by chapter 77-639, creating the Pinellas County Department of Consumer Affairs, is valid supplementing legislation. We reverse the order of the trial court holding this special act unconstitutional.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, ENGLAND, ALDERMAN and McDONALD, JJ., concur.
NOTES
[1] Art. V, § 3(b)(1), Fla. Const. (1972).