**Richard ALLISON, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE of the STATE OF COLORADO and MAI Mechanical, Inc. and Colorado Compensation Insurance Authority, Respondents.**

**No. 93SC663.**

Supreme Court of Colorado,
En Banc.

Nov. 15, 1994.

Dallas, Holland & O'Toole, P.C., Neil D. O'Toole, Denver, for petitioner.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Paul Farley, Deputy Atty. Gen., John D. Baird, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

Michael J. Steiner, DeMuro & Vamos, P.C., David R. DeMuro, Denver, for respondents MAI Mechanical, Inc. and Colo. Compensation Ins. Authority.

Jean E. Dubofsky, Boulder, for amicus curiae Workers Compensation Educ. Ass'n.

Justice ERICKSON delivered the Opinion of the Court.

We granted certiorari to review the order denying certiorari entered in *Allison v. Industrial Claim Appeals Office*, No. 93CE0013 (Colo.App. Sept. 1, 1993). We vacate the court of appeals order denying certiorari and remand to the court of appeals for determination of the issues on the merits.

The court of appeals, in construing section 8–43–307, 3B C.R.S. (1994 Supp.), limited the review of a workers' compensation case decided by the Industrial Claim Appeals Office (ICAO) to certiorari. Administrative review of workers' compensation and unemployment compensation cases is conducted by the ICAO. The only judicial review of awards for workers' compensation and unemployment compensation cases decided by the ICAO is in the court of appeals. The petitioner asserts that section 8–43–307, which limited review to certiorari, is unconstitutional because it denied him access to the courts and the right to an appeal of a workers' compensation award. We granted certiorari to consider the following issues:

> Whether section 8–43–307, 3B C.R.S. (1994 Supp.), section 8–74–107, 3B C.R.S. (1986 & 1994 Supp.) and C.A.R. 46.4 and 46.7 unconstitutionally deny workers' compensation parties access to the courts in violation of the United States Constitution amendment XIV and the Colorado Constitution, article 2, sections 6 and 25.
>
> Whether the court of appeals correctly interpreted C.A.R. 46.4 and 46.7 to limit claimant's right to a rehearing in light of C.A.R. 52 which provides that no "Writ of Certiorari to the Supreme Court shall issue unless a petition for rehearing has been filed in the court of appeals."

■ We agree that section 8–43–307 denies workers' compensation claimants access to the courts and remand this case to the court of appeals with directions to review Allison's claims on the merits pursuant to C.A.R. 3.1(c), which provides:

> **(c) Priority of Industrial Claim Appeals Office Cases.** All appeals from the Industrial Claim Appeals Office shall have precedence over any civil cause of a different nature pending in said court, and the Court of Appeals shall always be deemed open for the determination thereof, and shall be determined by the Court of Appeals in the manner as provided for other appeals.[1]

### I

Richard Allison filed a claim for workers' compensation.[2] The claim was subsequently

---

1. C.A.R. 3.1(c) must be construed with C.A.R. 3.1(a), which provides:

 > (a) **How Taken.** Appeals from orders and awards of the Industrial Claim Appeals Office *shall be in the manner and within the time prescribed by statute.* On appeal from orders and awards entered upon review of cases determined by the Industrial Claim Appeals Office, the record of the proceedings shall be arranged in chronological order, with all duplicates omitted. The record shall be properly paginated and fully indexed and bound by the agency.

 C.A.R. 3.1(a) (emphasis added). Section 8–43–307 prescribes the only statutory procedure for workers' compensation claimants to obtain review of the orders of the ICAO. In the absence of a statutory procedure that provides the constitutionally required access to the courts, we remand pursuant to C.A.R. 3.1(c).

2. The underlying workers' compensation claim that is the subject of this statutory challenge arose as a result of two work-related injuries suffered by Allison. Following the first injury, Allison received a workers' compensation structured settlement from the Colorado Compensation Insurance Authority (CCIA). After the CCIA settled the first claim, Allison was injured again.

 Pursuant to an admission of liability, the CCIA paid Allison temporary total disability benefits for the second injury. The CCIA agreed to pay an amount based on Allison's weekly wage, but reduced the weekly amount by the structured settlement Allison received as a result of the first workers' compensation claim. Allison contested the offset before an administrative law judge (ALJ) and sought the imposition of penalties against the respondents for withholding the full amount of temporary total disability benefits. The CCIA countered, asserting that pursuant to § 8–42–103(1)(d)(I), 3B C.R.S. (1994 Supp.), the settlement received by Allison in the first case constituted the proceeds of an employer pension or disability plan and could be used as an offset against benefits due Allison under the second claim.

 The ALJ denied the CCIA's request for an offset and found that the CCIA had reduced Allison's

heard and determined by an ALJ. The decision of the ALJ was reviewed and affirmed by a panel of the ICAO.

▮▮▮▮ Allison filed a petition for a writ of certiorari with the court of appeals pursuant to section 8–43–307, which was denied. Section 8–43–307 provides for certiorari review of a workers' compensation claim. Section 8–74–107, 3B C.R.S. (1986 & 1994 Supp.), cited by Allison in his petition for writ of certiorari to this court, provides a procedure for the court of appeals to review unemployment compensation claims.[3] Section 8–74–107 provides that:

(1) No action, proceeding, or suit to set aside an industrial claim appeals panel's decision or to enjoin the enforcement thereof shall be brought unless the petitioning party has first complied with the review provisions of sections 8–74–104 and 8–74–106.

(2) Actions, proceedings, or suits to set aside, vacate, or amend any final decision of the industrial claim appeals panel or to

enjoin the enforcement thereof may be commenced in the court of appeals by any interested party, including the division.

§ 8–74–107. The enactment of section 8–74–107 by the General Assembly provides unemployment compensation claimants with a constitutional procedure for judicial review on the merits. The section permits any interested party to commence "[a]ctions, proceedings, or suits" to obtain review in the court of appeals. The procedure for review by the court of appeals in section 8–74–107 is mandatory rather than discretionary and provides the access to the courts required by article II, section 6 of the Colorado Constitution.

The direct appeal of workers' compensation cases was afforded by section 8–53–119, 3B C.R.S. (1986).[4] Section 8–53–119 was repealed by the General Assembly, effective July 1, 1990. Ch. 62, sec. 77, 1990 Colo.Sess. Laws 576. The General Assembly, by repealing section 8–53–119, limited review of workers' compensation claims to the discre-

---

temporary total disability benefits without "legal justification." Based on these findings, the ALJ imposed penalties on the CCIA pursuant to § 8–43–304(1), 3B C.R.S. (1994 Supp.). The CCIA filed a petition to review the ALJ's order. The ALJ issued a supplemental order that reversed the ruling that Allison was entitled to penalties but left in place the decision to prohibit the offset.

3. Section 8–74–107(5) establishes a priority for the review of unemployment compensation claims:

(5) Actions, proceedings, and suits to review any final decision of the industrial claim appeals panel or questions certified to the court of appeals by such panel shall be heard in an expedited manner and shall be given precedence over all other civil cases, except cases arising under the "Workers' Compensation Act of Colorado", articles 40 to 47 of this title. The multiple definitions of the word "division" in Title 8 indicate that § 8–74–107 does not apply to workers' compensation cases. "Division" is defined within the Workers' Compensation Act at § 8–40–201(4), 3B C.R.S. (1994 Supp.) as "the division of workers' compensation in the department of labor and employment." At § 8–70–103(8), 3B C.R.S. (1994 Supp.), "division," as used in the Colorado Employment Security Act, is defined as "the division of employment and training."

Section 8–74–107(2), 3B C.R.S. (1994 Supp.), refers to actions, proceedings, or suits brought "by any interested party, including the division;"

the appropriate division is that defined by § 8–70–103(8). Because § 8–74–107(2) addresses actions, proceedings, and suits in an unemployment compensation context, the actions and proceedings described in § 8–74–107(5) apply only to cases within articles 70 to 82 rather than those arising under the Workers' Compensation Act.

4. Section 8–53–119 stated:

**8–53–119. Appeals to the court of appeals.** (1) Any person in interest, including the state compensation insurance authority, being dissatisfied with any final order of the panel, may commence an action in the court of appeals against the industrial claim appeals office as defendant to modify or vacate any such order on the grounds set forth in section 8–53–120. (2) All such actions shall have precedence over any civil cause of a different nature pending in such court, and the court of appeals shall always be deemed open for the trial thereof, and such actions shall be tried and determined by the court of appeals in the manner provided for other civil actions. (3) All such actions shall be commenced by service of a copy of the petition upon the industrial claim appeals office and filing the same with the court of appeals. The petition shall state the grounds upon which review is sought and shall also be served upon all other parties. After the filing of a petition for review in the court of appeals, such action shall be conducted in the manner prescribed by the Colorado appellate rules.

tionary certiorari procedure set out in section 8–43–307.[5] By way of contrast, the General Assembly granted unemployment compensation claimants the right of appeal on the merits in section 8–74–107. The General Assembly could not have intended to grant a right of appeal to unemployment compensation claimants while limiting the right of review afforded to workers' compensation claimants.

The certiorari provisions of section 8–43–307, which became effective in 1991, permit review of ICAO decisions in workers' compensation cases by the court of appeals. *See* ch. 219, sec. 37, § 8–43–307, 1991 Colo.Sess. Laws 1324, 1324–25. Specifically, section 8–43–307 provides:

(1) The final order of the director or the panel shall constitute the final order of the division. *Any person in interest, including the Colorado compensation insurance authority, being dissatisfied with any final order of the division, may file a petition for a writ of certiorari in the court of appeals against the industrial claim appeals office as defendant to modify or vacate any such order on the grounds set forth in section 8–43–308.* The court of appeals may issue a summary order denying any petition for writ of certiorari filed pursuant to this section. Such summary order shall be based on criteria established by the supreme court, by rule,

governing the exercise of discretion by the court of appeals in such cases.

(2) All such actions shall have precedence over any civil cause of a different nature pending in such court, and the court of appeals shall always be deemed open for the trial thereof, and such actions shall be tried and determined by the court of appeals in the manner provided for other civil actions.

(3) All such actions shall be commenced by service of a copy of the petition upon the industrial claim appeals office and filing the same with the court of appeals. The petition shall state the grounds upon which the review is sought and shall also be served upon all other parties. After the filing of a petition for a writ of certiorari in the court of appeals, such action shall be conducted in the manner prescribed by the Colorado appellate rules.

§ 8–43–307 (emphasis added).[6] The procedures for review on certiorari are set forth in C.A.R. 46(a),[7] which provides:

**(a) Petition for Certiorari to the Court of Appeals.** A petition for review in the Court of Appeals on writ of certiorari as provided in section 8–43–307, C.R.S., is a matter addressed to the sound judicial discretion of the court, and such determination shall constitute judicial review. A petition for writ of certiorari will be granted only if one or more of the following grounds is present:

findings of fact are not sufficient to permit appellate review; that conflicts in the evidence are not resolved in the record; that the findings of fact are not supported by the evidence; that the findings of fact do not support the order; or that the award or denial of benefits is not supported by applicable law. If the findings of fact entered by the director or administrative law judge are supported by substantial evidence, they shall not be altered by the court of appeals.

7. We also note the similarity of the language in § 13–4–102(4), 6A C.R.S. (1994 Supp.), which provides:

The court of appeals may review decisions of the industrial claim appeals panel in workers' compensation cases under articles 40 to 47 of title 8, C.R.S., by writ of certiorari as prescribed by the Colorado appellate rules.

The constitutionality of this section is not before us.

---

5. Following the recodification of the workers' compensation act of 1990, § 8–53–119 was repealed and replaced by § 8–43–307. In its original form, section 8–43–307 adopted the language in § 8–53–119. Ch. 62, sec. 1, § 8–43–307, 1990 Colo.Sess.Laws 468, 511. Effective July 1, 1991, however, the right to "commence an action" was replaced by the right to "file a petition for a writ of certiorari" in the court of appeals, which does not require review on the merits. Ch. 219, sec. 37, § 8–43–307, 1991 Colo.Sess.Laws 1324. The legislative history does not reflect any reason or basis for limiting review of decisions of the ICAO in workers' compensation cases to certiorari while maintaining a review on the merits in unemployment compensation cases decided by the ICAO.

6. Section 8–43–308, 3B C.R.S. (1994 Supp.), sets forth the grounds for setting aside an award:

Upon hearing the action, the court of appeals may affirm or set aside such order, but only upon the following grounds: That the

(1) That the findings of fact may not be sufficient;

(2) That conflicts in the evidence may not be resolved in the record;

(3) That the findings of fact may not be supported by the evidence;

(4) That the findings of fact may not support the order;

(5) That the order may not be supported by applicable law;

(6) That the order decided a question of substance not previously determined.

 Certiorari does not constitute judicial review on the merits. The existence of any of the six grounds for certiorari provides a basis for judicial review of the record on certiorari. However, the decision to grant or deny certiorari is wholly discretionary. *Sutterfield v. District Court*, 165 Colo. 225, 228, 438 P.2d 236, 239 (1968). The denial of certiorari does not determine the merits of the case, but reflects only that the case is not properly postured for review. *Menefee v. City & County of Denver*, 190 Colo. 163, 165, 544 P.2d 382, 383 (1976).

 Pursuant to section 8–43–307, the court of appeals denied certiorari in this case. Allison filed a petition for rehearing but the court of appeals denied the petition on the ground that C.A.R. 46 does not provide for a rehearing of a denial of certiorari by the court of appeals.[8] In denying certiorari, the court of appeals is not required to set forth reasons or a basis for denying review. Neither the granting nor the denial of certiorari by the court of appeals addresses or resolves the merits of the issues raised on appeal. No record exists as to why certiorari was denied or granted. When certiorari is granted the issues for review are disclosed for the first time.

. We granted certiorari to determine whether the procedures for review set forth in sections 8–43–307 and 8–74–107 are unconstitutional and whether the rehearing provisions in the Colorado Appellate Rules are internally conflicting. We reverse, remand, and hold that Allison's right to access to the courts is violated by the limitation of appellate review to certiorari in section 8–43–307 and C.A.R. 46.

II

 Allison asserts that section 8–43–307 violates his constitutional right to access to the state courts.[9] We agree. An analysis of the current process for workers' compensation review and the role of the ICAO in reviewing the decision of the ALJ provides the foundation for reversal.

A. The Workers' Compensation Review Process

Prior to 1991, a workers' compensation claimant was granted the right to appeal to the court of appeals rather than to petition for a writ of certiorari. *See* ch. 219, sec. 37, § 8–43–307, 1991 Colo.Sess.Laws 1324, 1324–25. Section 8–43–307(1), as amended, states that "[a]ny person in interest ... being dissatisfied with any final order of the division, may file a petition for a writ of certiorari in the court of appeals against the industrial claim appeals office as defendant to modify

---

8. Although C.A.R. 52(b) requires a party to file a petition for rehearing before a writ of certiorari can be filed, Allison filed a petition for a writ of certiorari with this court.

9. Allison also claims that § 8–43–307 denies him due process and equal protection of the laws guaranteed by the United States and Colorado Constitutions. Because we hold that certiorari review by the court of appeals denies Allison access to the courts we need not address Allison's additional claims.

Allison contends that Colorado Appellate Rules 46 and 52 are internally conflicting and should be amended to provide for a rehearing if certiorari is denied by the court of appeals. Allison claims that C.A.R. 46.4 and 46.7 do not allow for the filing of a petition for rehearing after the court of appeals denies a petition for a writ of certiorari in a workers' compensation proceeding. Access to the supreme court is restricted because a party may only petition the supreme court for certiorari review if a rehearing has been denied. C.A.R. 52. The respondents agree with Allison that there is an inherent conflict between C.A.R. 46 and 52. Resolution of the conflict is not necessary because we hold that limitation of review to certiorari by the court of appeals in this case is unconstitutional.

or vacate any such order on the grounds set forth in section 8–43–308." [10]

### B. Judicial Review of Agency Decisions

 Article II, section 6 of the Colorado Constitution provides: "Courts of justice shall be open to every person, and a speedy remedy afforded for every injury to person, property, or character." This article does not create a substantive right; it provides a procedural right to a judicial remedy whenever the General Assembly creates a substantive right that accrues under Colorado law. *See Sigman v. Seafood Ltd. Partnership I*, 817 P.2d 527, 533 (Colo.1991) ("[I]f a right does accrue under the law, the courts will be available to effectuate such right.") (citing *O'Quinn v. Walt Disney Prod., Inc.*, 177 Colo. 190, 195, 493 P.2d 344, 346 (1972)); *see also State Farm v. Broadnax*, 827 P.2d 531, 534 n. 6 (Colo.1992) (citing *Sigman*).[11]

 As a result of the guarantee of access to the courts, parties are constitutionally entitled to judicial review of an administrative agency's decisions that affect their substantive statutory rights. *State v. Snyder*, 474 N.E.2d 702, 706 (Ohio Mun.1984); *see also Boddie v. Connecticut*, 401 U.S. 371, 376, 91 S.Ct. 780, 785, 28 L.Ed.2d 113 (1971) (stating that denying a person "full access to [the judicial] processes raises grave problems for its legitimacy"). Several state courts and a prominent commentator have concluded that it is unconstitutional for an agency to issue a decision affecting an individual's substantive rights unless the individual is able to obtain some sort of judicial review of the agency's decision. *See Snyder*, 474 N.E.2d at 706 (holding that the "access to courts" provision in the Ohio Constitution requires that agency action be reviewable by courts); *see also Laisne v. California State Bd. of Optometry*, 19 Cal.2d 831, 123 P.2d 457, 463 (1942) (stating that a vested property right

may not be destroyed in a non-judicial proceeding); *Long Island College Hosp. v. Catherwood*, 23 N.Y.2d 20, 294 N.Y.S.2d 697, 703 n. 3, 241 N.E.2d 892, 896 n. 3 (1968) (noting that the state constitution requires some sort of judicial review of final, substantive agency action that seriously affects personal or property rights); Arthur Larson, 3 *Law of Workmen's Compensation* § 80.10(a) (1993) (asserting that the "[c]omplete destruction of the right of [judicial] review would be unconstitutional").

### C. Certiorari as Access

The General Assembly created a substantive right to workers' compensation, *see* sections 8–40–101 through 8–47–209, 3B C.R.S. (1994 Supp.), and Allison accrued rights pursuant to the statutes. Therefore, Allison is entitled under article II, section 6 of the Colorado Constitution to judicial review on the merits of the ICAO's decision. The questions before us are what procedures are necessary to protect Allison's right to access to the courts and to guarantee that the courts are available to effectuate Allison's statutory rights, and whether the discretionary decision to grant certiorari review by the court of appeals pursuant to section 8–43–307 satisfies the state constitutional requirement for judicial review of the ICAO's decision on the merits.

 Article II, section 6 of the Colorado Constitution provides that the "courts of justice shall be open." The phrasing of this mandate in the terms of "shall" provides a mandatory constitutional right to judicial consideration of accrued rights. *See Hernandez v. District Court*, 814 P.2d 379, 381 (Colo.1991) ("[T]he word 'shall' . . . involves a 'mandatory connotation' and hence is the antithesis of discretion or choice.") (quoting *People v. Guenther*, 740 P.2d 971, 975 (Colo.

---

**10.** The previous version of § 8–43–307(1) provided:

> Any person in interest, including the state compensation insurance authority, being dissatisfied with any final order of the panel, may commence an action in the court of appeals against the industrial claim appeals office as defendant to modify or vacate any such order on the grounds set forth in section 8–43–308.

**11.** The court in *Broadnax* concluded that the statutory scheme requiring binding arbitration did not violate petitioners' right of access to the courts under article II, section 6 of the Colorado Constitution. *Broadnax* is not controlling, however, because the statutes at issue in *Broadnax* permitted parties to apply to the courts to confirm, vacate, modify, or correct arbitration awards. *Id.; see* §§ 13–22–213 to –215, –219, –221, 6A C.R.S. (1987).

1987)). The discretionary nature of the decision to grant certiorari review pursuant to C.A.R. 46(a) belies the mandatory nature of article II, section 6. Review of a certiorari petition is not sufficient to satisfy the constitutional requirement of access to the courts which mandates review on the merits. The right of review guaranteed by the right of access to the courts, therefore, means a review on the merits. *See Boddie,* 401 U.S. at 378, 91 S.Ct. at 786 ("What the Constitution does require is 'an *opportunity* . . . granted at a meaningful time and in a meaningful manner,' . . . 'for [a] hearing appropriate to the nature of the case.' ") (citations omitted). Certiorari to the court of appeals is not a review on the merits and merely determines that the case is not properly postured for review. *See Maryland v. Baltimore Radio Show,* 338 U.S. 912, 917–20, 70 S.Ct. 252, 254–56, 94 L.Ed. 562 (1950) (holding that the denial of a petition for a writ of certiorari does not support the conclusion that either the majority or the dissent at the prior levels correctly applied the law). The right of access to the courts is not satisfied by discretionary review by the court of appeals of an ICAO decision on certiorari.

The respondents assert that a purely discretionary decision to grant certiorari satisfies the requirements of article II, section 6 and cite *Bill Dreiling Motor Co. v. Court of Appeals,* 171 Colo. 448, 468 P.2d 37 (1970), to support their contention. In *Bill Dreiling,* we held that an appeal of right to the Colorado Supreme Court was not required to provide "appellate review" of a district court judgment:

> There is no question that certiorari is now, and always has been, a recognized form of appellate review. Indeed, under the common law, the only comparable types of review available were by writ of error, writ of false judgment, or writ of certiorari. . . . Certiorari is presently recognized as a form of appellate review. . . . Other courts have agreed with this.
>
> . . . .
>
> The petitioner contends that certiorari is not a writ of right. This argument begs the question of whether our procedure contravenes the constitutional provisions. The *petition* provided in the Colorado Appellate Rules for a writ of certiorari is an *application of right.* The study by this court of that petition and of the record on appeal to determine whether to grant or deny the petition constitutes a review. As to petitions for certiorari which are denied, we hold that this review is "appellate review" as that term is used in the Colorado constitution.

*Bill Dreiling,* 171 Colo. at 452–53, 468 P.2d at 39–40 (citations omitted).

Our holding in *Bill Dreiling* is not dispositive of this case. *Bill Dreiling* involved an issue of appellate review, not access to the courts and thus involved article VI, section 2(2), and not article II, section 6.[12] Additionally, the statutes being challenged in *Bill Dreiling* provided petitioner with one appeal of right to the court of appeals. Bill Dreiling initially brought an action in state district court as a matter of right and was guaranteed access to two state courts—the court of appeals and the district court. Thus, while *Bill Dreiling* stated that certiorari review is appellate review, it did not hold that certiorari review constitutes judicial review on the merits. Therefore, certiorari review does not provide a litigant with access to the courts.

In this case, section 8–43–307 eliminated the mandatory access to obtain a determina-

---

**12.** By defining and protecting the state judiciary's powers, article VI of the Colorado Constitution advances the principle of separation of powers. *People v. Vanhorn,* 20 Colo.App. 215, 230–31, 77 P. 978, 983 (1904) (stating that the decision of the state board of education cannot be so final that "no judicial inquiry into their correctness can be had" because such lack of judicial inquiry would violate the principle of separation of powers contained in article VI). By contrast, article II, section 6 protects an individual's right of access to the judicial system.

By providing the court of appeals with purely discretionary review, the General Assembly has not threatened the independence of the court of appeals—the additional discretion enhances the power of the court of appeals by giving it the option not to hear a case. The provisions might nevertheless endanger individual rights of access to the courts protected by article II, section 6 because such purely discretionary review might prevent a litigant from ever receiving a determination of a case on the merits in a judicial forum.

tion of the right to workers' compensation in a judicial forum. After initially adjudicating his claim before a hearing officer, Allison was only granted an appeal to the ICAO. Following the administrative hearing, Allison was not entitled to a determination from a judicial forum on the merits of his claim pursuant to section 8–43–307. Although a litigant may file a petition for certiorari review with the court of appeals, the court of appeals may reject the petition without making any ruling on the merits.

The effect of section 8–43–307 and C.A.R. 46(a) is that the court of appeals need not make any ruling concerning a decision of the ICAO. Moreover, because no other court has any obligation to rule on the validity of the ICAO decisions in workers' compensation cases, such decisions can become final without a state court determination that they are valid. Certiorari does not constitute a meaningful opportunity to be heard in this case. *See Boddie,* 401 U.S. at 377, 91 S.Ct. at 785 (stating that "due process requires, at a minimum, that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard"). A denial of certiorari only means that the case is not properly postured for review and does not reflect on the merits of the petition. *Baltimore Radio Show,* 338 U.S. at 917–18, 70 S.Ct. at 254–55. Under section 8–43–307, an administrative agency is given final authority to determine a claimant's entitlement to workers' compensation.[13]

Finally, the need for providing judicial review on the merits of agency decisions is clear: specialized administrative tribunals, although efficient, are not always as willing or able as state courts to protect individual rights. *See* Richard L. Revesz, *Specialized Courts and the Administrative Lawmaking System,* 138 U.Pa.L.Rev. 1111, 1147–53 (1990) (describing shortcomings of specialized judges as instruments of control over administrative action); Richard Posner, *Will the Federal Courts of Appeals Survive Until 1984? An Essay on Delegation and Specialization of the Judicial Function,* 56 S.Cal. L.Rev. 761, 777–89 (1983) (same); Ellen R. Jordan, *Specialized Courts: A Choice?,* 76 Nw.U.L.Rev. 745, 748 (1981) (noting that adjudication by specialized tribunals is marred by "insularity and less searching scrutiny of arguments"). Specialized tribunals may be affected by narrow administrative concerns, may be less independent from the political process and political pressures, and may be less aware of the general principles of law than courts of law with general jurisdiction. Posner, 56 S.Cal.L.Rev. at 777–89. Therefore, judicial review on the merits of the decisions of the ICAO is required to protect an individual's constitutional right to access to the courts embodied in article II, section 6 of the Colorado Constitution.[14]

### III

For the foregoing reasons, we hold that Allison's rights to access to the courts are violated by limiting review to the application for a writ of certiorari set forth in section 8–43–307, 3B C.R.S. (1994 Supp.). Accordingly, we vacate the order denying certiorari and remand to the court of appeals with directions to review Allison's claims on the merits pursuant to Colorado Appellate Rule 3.1(c).

**13.** We also note that in cases in which the court of appeals denies certiorari, there will be no accessible record of the determinations by the ALJ or the ICAO. The absence of a published or catalogued record of workers' compensation determinations will make it difficult for future parties to rely on well-developed precedent. *See Boddie v. Connecticut,* 401 U.S. 371, 374, 91 S.Ct. 780, 784, 28 L.Ed.2d 113 (1971) ("Perhaps no characteristic of an organized and cohesive society is more fundamental than its erection and enforcement of a system of rules defining the various rights and duties of its members, enabling them to govern their affairs and definitive-ly settle their differences in an orderly, predictable manner.").

**14.** We do not hold that the requisite judicial review take place at the supreme court or be a de novo review. *See Public Util. Comm'n v. Northwest Water Corp.,* 168 Colo. 154, 451 P.2d 266 (1969) (determining that a court may give deference to the findings of fact of an administrative agency). The General Assembly has authority to determine the method of judicial scrutiny, so long as the claimant receives some judicial determination on the merits.

VOLLACK, J., dissents.

ROVIRA, C.J., and MULLARKEY, J., join in the dissent.

Justice VOLLACK dissenting:

The majority holds section 8–43–307, 3B C.R.S. (1994 Supp.), unconstitutional because it deprives Allison of access to the courts as guaranteed by Article II, Section 6, of the Colorado Constitution. Maj. op. at 1115. In so holding, the majority concludes that the court of appeals' denial of certiorari does not constitute a review on the merits. I disagree and dissent because I consider certiorari review by the court of appeals of the decision of the Industrial Claim Appeals Office as satisfying the state constitutional requirement that the courts of justice shall be open to every person.

Certiorari review is, and always has been, an accepted form of appellate review in Colorado. The majority misconstrues the scope of the right of access to the courts and the context in which this right exists. By denying the petition for certiorari, the court of appeals performed a judicial review of the decision of the Industrial Claim Appeals Office (ICAO) sufficient to satisfy the constitutional access to courts provision. Because section 8–43–307 does not affect a litigant's access to the judicial process, it does not contravene the access to courts guarantee of our state constitution, and therefore, I would affirm the court of appeals' judgment.

Further, since I would affirm the court of appeals' judgment, I address whether the rehearing provisions in the Colorado Appellate Rules are in conflict.[1] I conclude that, in limited circumstances, such as in a workers' compensation proceeding, where the court of appeals has denied certiorari after reviewing the petition, this court, pursuant to C.A.R. 2, should suspend the petition for rehearing requirement for filing a petition for certiorari. An aggrieved party, therefore, need not comply with the petition for rehearing requirement in C.A.R. 52(b) for this court to review the court of appeals' judgment. I would therefore reverse the court of appeals' judgment on this issue.

I.

The court of appeals denied Allison's petition for certiorari to review a workers' compensation appeal pursuant to section 8–43–307, 3B C.R.S. (1994 Supp.). Section 8–43–307(1), 3B C.R.S. (1994 Supp.), provides that

[a]ny person in interest, . . . being dissatisfied with any final order of the division, may file a petition for a writ of certiorari in the court of appeals against the industrial claim appeals office as defendant to modify or vacate any such order on the grounds set forth in section 8–43–308.[2] The court of appeals may issue a summary order denying any petition for writ of certiorari filed pursuant to this section. Such summary order shall be based on criteria established by the supreme court, by rule, governing the exercise of discretion by the court of appeals in such cases.

Section 13–4–102(4), 6A C.R.S. (1994 Supp.), provides that the court of appeals "may review decisions of the industrial claim appeals panel in workers' compensation cases . . . by writ of certiorari *as prescribed by the Colorado appellate rules*." (Emphasis added.)

---

1. We granted certiorari to consider

 [w]hether the court of appeals correctly interpreted C.A.R. 46.4 and 46.7 to limit petitioner's right to a rehearing in light of C.A.R. 52 which provides that no "Writ of Certiorari to the Supreme Court shall issue unless a petition for rehearing has been filed in the court of appeals."

 Because the majority holds that certiorari review by the court of appeals denies Allison access to the courts, the majority does not address this issue. Maj. op. at 1118 n. 9.

2. Section 8–43–308, 3B C.R.S. (1994 Supp.), sets forth the grounds for setting aside an award:

 Upon hearing the action, the court of appeals may affirm or set aside such order, but only upon the following grounds: That the findings of fact are not sufficient to permit appellate review; that conflicts in the evidence are not resolved in the record; that the findings of fact are not supported by the evidence; that the findings of fact do not support the order; or that the award or denial of benefits is not supported by applicable law. If the findings of fact entered by the director or administrative law judge are supported by substantial evidence, they shall not be altered by the court of appeals.

Colorado Appellate Rule 46(a) sets forth the criteria for determining whether certiorari should be granted or denied. C.A.R. 46 provides in pertinent part:

(a) **Petition for Certiorari to the Court of Appeals.** A petition for review in the Court of Appeals on writ of certiorari as provided in section 8–43–307, C.R.S., is a matter addressed to the sound judicial discretion of the court, and such determination shall constitute judicial review.

The rule specifies six grounds for granting a petition for certiorari. The court of appeals evaluates whether: (1) the findings of fact are insufficient; (2) conflicts in the evidence are not resolved in the record; (3) the findings of fact are unsupported by evidence; (4) the findings of fact do not support the order; (5) the order may not be supported by the applicable law; or (6) whether the order decided a question of substance not previously determined. C.A.R. 46(a).

## II.

### A. Access to the Courts

Article II, Section 6, of the Colorado Constitution provides in relevant part that "[c]ourts of justice shall be open to every person, and a speedy remedy afforded for every injury to person, property or character." This provision simply provides that, if a right does accrue under the law, the courts will be able to effectuate such right. *O'Quinn v. Walt Disney Prods., Inc.,* 177 Colo. 190, 195, 493 P.2d 344, 346 (1972); *Goldberg v. Musim,* 162 Colo. 461, 469, 427 P.2d 698, 703 (1967).

Article II, section 6, by its plain and ordinary language, simply requires that the "courts of justice shall be open." This article neither specifies the type of judicial review needed to satisfy the access to the courts provision nor requires that the court of justice conduct a full-blown hearing to constitute a review on the merits.

Lawrence Tribe, in *American Constitutional Law* §§ 10–18, at 753–59 (2d ed. 1988), describes access to courts as the "right of access to a neutral and fair tribunal in which to ventilate such claims of right as one may have under the governing body of substantive law." In my view, Allison's right of access to the courts was not violated since a three-member panel of the court of appeals reviewed Allison's petition for certiorari and unanimously determined that granting certiorari was not warranted. In making this determination, the panel reviewed the action of the ICAO and determined that none of the six grounds for granting the petition for certiorari was present. By denying certiorari, the court of appeals, in effect, was affirming the ICAO's ruling. Allison therefore received both judicial scrutiny of an administrative agency's decision and a review of the merits of his workers' compensation claims.

The majority asserts that the claimant did not receive a judicial determination of the merits of his case. Contrary to the majority's contention, section 8–43–307(1) authorizes the court of appeals to issue a summary order denying a petition for writ of certiorari only if its order is based on criteria established in C.A.R. 46(a), governing the exercise of discretion to the court of appeals in workers' compensation cases.[3] In denying Allison's petition for writ of certiorari in light of C.A.R. 46(a), the claimant therefore received a review of the merits of his workers' compensation claims.

The majority equates equal access to the court with a decision on the merits. Maj. op. at 1119. I do also. However, I part from the majority's interpretation of a decision on the merits to connote a full-blown hearing with a written opinion. Rather, in my view, the fact that a three-member panel of the court of appeals denied Allison's petition for certiorari review, without conducting a formal hearing or writing an opinion, does not indicate that access to the courts was denied.

---

**3.** The majority is concerned that an ICAO decision operates as a final authority in determining a claimant's entitlement to workers' compensation without a state court determination that it is valid. Maj. op. at 1121. This is not the case.

The court of appeals reviewed the ICAO decision and determined that the petition for certiorari should be denied because Allison's petition did not fall within the criteria outlined in C.A.R. 46(a).

## B. Relevant Case Law

I believe that this construction is compatible with and supported by the case law. I do not view the discretionary nature of certiorari review to be a denial of a litigant's right to access to the courts,[4] given the line of United State Supreme Court cases and Colorado cases that have addressed a litigant's right of access to the courts. The United States Supreme Court cases have been largely confined to the access right of either special litigants or litigants who have special claims,[5] and the decisions have embodied a prohibition of state action that directly obstructed access,[6] state action that indirectly interfered with access,[7] and state inaction—the state's failure to provide affirmative help to prisoners.[8]

I am also guided by Colorado cases and other jurisdictions that have considered various legal challenges to a litigant's access to the courts. Although we have previously evaluated the scope of the right of access to courts, we have never before addressed it in the context of certiorari review by the court of appeals in a workers' compensation proceeding.

In *State Farm Mutual Automobile Insurance Co. v. Broadnax*, 827 P.2d 531 (Colo. 1992), State Farm brought a constitutional challenge against a statute which required binding arbitration of disputes arising under no-fault insurance contracts. State Farm contended that the statute violated its right of access to the courts because it removed State Farm's statutory cause of action for disputes arising under the No–Fault Act[9] from a trial to jury before a district court, without providing a right of *de novo* review by the district court following an adverse arbitration award. This court concluded that the statutory scheme at issue did not deny

4. Contrary to the majority opinion, the discretionary nature of certiorari review does not violate Article II, Section 6, of the Colorado Constitution because, as my analysis in the preceding paragraph demonstrates, pursuant to § 8–43–307, persons affected by ICAO decisions are guaranteed access to the court of appeals via certiorari review.

5. *See, e.g., Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977) (state prisoners); *Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) (divorce proceedings).

 In support of its conclusion that the right of access to the courts is not satisfied by a discretionary review provided by certiorari, the majority relies on *Boddie v. Connecticut*. Maj. op. at 1119. In *Boddie*, indigent litigants seeking divorces contended that a state law requiring the payment of court fees and costs for service of process before commencing a divorce action unduly restricted their access to the courts and thus violated due process and equal protection requirements. Justice Harlan, speaking for the majority in *Boddie*, determined that welfare recipients unable to pay the prerequisite fees for bringing a divorce action 'were deprived of their access to the legal system. The Court explicitly refrained, however, from finding a right of universal access to the courts. The *Boddie* decision bolsters my view since the requirement of payment of court fees and costs directly obstructed the litigants' access to the courts, whereas here, the court of appeals was available to review Allison's workers' compensation claims.

6. In *Ex parte Hull*, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034 (1941), the Supreme Court invalidated a prison restriction that authorized a legal investigator for the parole board to intercept prisoner habeas corpus petitions that were thought not to be properly written.

7. In *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969), the Supreme Court held that, unless the state provides reasonable alternatives to assist inmates in the preparation of petitions for post-conviction relief, the state may not enforce a regulation that prevents inmates from providing assistance such as preparing writs for other indigent prisoners. Justice Fortas, writing for the Court, found that, "in the absence of any other source of assistance," preventing "writ writers" from helping "illiterate or poorly educated prisoners ... file habeas corpus petitions" is the functional equivalent of forbidding them to file such petitions. *Id.* at 487, 89 S.Ct. at 749.

8. *Younger v. Gilmore*, 404 U.S. 15, 92 S.Ct. 250, 30 L.Ed.2d 142 (1971) (per curiam); In *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977), the Supreme Court held that the access right places an affirmative obligation on states to develop positive "remedial measures to insure that inmate access to the courts is adequate, effective, and meaningful." *Id.* at 822, 97 S.Ct. at 1495.

9. The No–Fault Act permits a full hearing before arbitrators whose final order could be vacated, modified, or corrected. Under the Uniform Arbitration Act, a party could apply to the court to modify or vacate the award of the arbitrators in some limited circumstances, such as where the arbitrators exceeded their powers or where there was an evident mistake in the award.

due process or violate State Farm's right of access to the courts where the parties had a right to a full hearing before the arbitrators and the right to appeal.

Similarly, here, the parties in this workers' compensation proceeding received a full hearing before an Administrative Law Judge, had a right of appeal to the ICAO, and the right to file a petition for a writ of certiorari for judicial review in the court of appeals.

The majority additionally concludes that our holding in *Bill Dreiling Motor Co. v. Colorado Court of Appeals*, 171 Colo. 448, 468 P.2d 37 (1970), is not dispositive in this case. Maj. op. at 1120. To the contrary, I find the holding in *Bill Dreiling* to lend support to the conclusion that certiorari review satisfies the requirements of article II, section 6. In *Bill Dreiling*, the petitioner contended that a statute providing only the court of appeals, and not the Colorado Supreme Court, with mandatory direct review of a district court decision violated Article VI, Section 2(2), of the Colorado Constitution.[10] The petitioner maintained that, unless there was an appeal as of right to the Colorado Supreme Court, this court would not have "appellate review" of a district court judgment as required by article VI, section 2(2). The question presented in *Bill Dreiling* was whether review by certiorari is appellate review. 171 Colo. at 452, 468 P.2d at 39. We held that discretionary review by writ of certiorari was a form of "appellate review" within the meaning of article VI, section 2.

Our holding that certiorari review is appellate review implies the obvious: the court of appeals is free to grant or deny such request at its discretion, subject to C.A.R. 46(a). Based on this holding, it can be logically deduced that certiorari review, being a form of appellate review, constitutes a judicial review on the merits.

Courts in other jurisdictions have also recognized and accepted certiorari review of administrative decisions, without holding such provisions to be unconstitutional as a denial of due process or access to the courts.

In *Pinellas County Department of Consumer Affairs v. Castle*, 392 So.2d 1292 (Fla. 1980), the Supreme Court of Florida determined that a special act creating the Uniform Consumer Protection Act of Pinellas County afforded the parties sufficient means of access to the courts, so as to withstand constitutional attack, by providing means of access through declaratory judgment action and common law certiorari. The court reasoned that certiorari review comports with constitutional due process and court access requirements. *Id.* at 1294 (citing *Vargas v. Americana of Bal Harbour*, 345 So.2d 1052 (Fla. 1976); *Scholastic Systems, Inc. v. Leloup*, 307 So.2d 166 (Fla.1974)).

In conclusion, I believe that section 8–43–307(1) does not violate a litigant's right of access to the courts. In my view, the court of appeals, in denying Allison's petition for certiorari, performed a judicial review of an administrative agency action which satisfies the constitutional access to courts provision. Because I would affirm the court of appeals' judgment, I now address whether the rehearing provisions in the Colorado Appellate Rules are in conflict.

### III.

On October 14, 1993, the court of appeals denied Allison's petition for certiorari. Allison filed a request for reconsideration. On October 28, 1993, the court of appeals determined that the request for reconsideration should be denied because C.A.R. 46.4 and C.A.R. 46.7 "do not allow for the filing of a petition for rehearing upon this court's denial of a petition for a writ of certiorari in a worker's compensation proceeding." Allison contends that C.A.R. 46 and C.A.R. 52 are internally conflicting and should be amended to provide for a rehearing if certiorari is denied by the court of appeals. According to Allison, C.A.R. 46.4 and 46.7 do not allow for the filing of a petition for rehearing after the court of appeals denies a petition for a writ of certiorari in a workers' compensation proceeding. This, in turn, restricts access to the

---

**10.** That provision states that "[a]ppellate review by the supreme court of every final judgment of the district courts ... shall be allowed."

supreme court because a party may only petition the supreme court for certiorari review if a rehearing has been denied. C.A.R. 52. The respondents agree with Allison that there is an inherent conflict between C.A.R. 46 and 52.

C.A.R. 46.4(b) provides:

> **Denial of Writ.** No mandate shall issue upon the denial of a petition or writ of certiorari. Whenever application for a writ of certiorari to review a decision of the Division is denied, the court shall enter an order to that effect and shall notify the Industrial Claim Appeals Panel and the parties. If, after granting the writ, the court later denies the same as having been improvidently granted or renders decision by opinion of the court on the merits of the writ, a petition for rehearing may be filed in accordance with the provisions of C.A.R. 40.

C.A.R. 46.7 states:

### Further Review

> (a) No petition for rehearing shall be permitted except as provided in C.A.R. 46.4.

> (b) Further review of the denial of a petition for writ of certiorari or following the denial of a petition for rehearing shall be as provided by C.A.R. 49, et seq.

C.A.R. 52(b) provides:

> **To review Court of Appeals Judgment.** No writ of certiorari to the Supreme Court shall issue unless a petition for rehearing has been filed in the Court of Appeals. A petition for writ of certiorari to review a judgment of the Court of Appeals shall be filed not later than thirty days from the date rehearing is denied in the Court of Appeals, except that in workers' compensation and unemployment insurance cases the time for filing a petition for writ of certiorari to the Supreme Court is reduced to fifteen days.

C.A.R. 52(b), which governs certiorari to this court, requires that a petition for rehearing be filed before this court can issue a writ of certiorari, whereas C.A.R. 46.4 permits a petition for rehearing only if the court of appeals grants the petition or denies the petition as having been improvidently granted. Combining the certiorari provisions in C.A.R. 46 and 52 therefore creates a Catch-22 situation in which this court is unable to review denials of certiorari by the court of appeals.

Under C.A.R. 2, this court is authorized to suspend the provisions of any appellate rule in a particular case and order proceedings so long as there is evidence of good cause. *See also People v. Williams*, 736 P.2d 1229, 1231 (Colo.App.1986).

I would therefore suspend the provision that mandates filing a petition for rehearing pursuant to C.A.R. 52(b) in workers' compensation cases involving the court of appeals' certiorari review of the ICAO decision until the appropriate modification of these rules takes effect.[11] In suspending this provision and allowing this court to review a denial of certiorari by the court of appeals, we accommodate due process requirements and resolve the tension created by these two rules.

I hold that in a workers' compensation proceeding, where the court of appeals has denied certiorari after reviewing the petition, an aggrieved party need not comply with the petition for rehearing requirement pursuant to C.A.R. 52(b). I consider this result to be a reasonable interpretation of the rules since to hold otherwise would deny an aggrieved party the right to petition this court to review the court of appeals' denial of certiorari. I conclude that, in limited circumstances, such as in a workers' compensation proceeding where the court of appeals has denied certiorari after reviewing the petition, this court, pursuant to C.A.R. 2, should suspend the petition for rehearing requirement for filing a petition for certiorari with this court.[12] I would therefore reverse the court of appeals' judgment on this issue.

---

11. This holding does not apply to a workers' compensation claim where the court of appeals initially grants the writ and later denies the same as having been improvidently granted or renders decision by opinion of the court on the merits of the writ. C.A.R. 46.4.

12. It should be noted that this court received this case in a peculiar posture. In a written order,

I am authorized to say that Chief Justice ROVIRA and Justice MULLARKEY join in this dissent.

the court of appeals denied Allison's request for reconsideration. Under C.A.R. 46.4 and 46.7, the court of appeals should not have even considered this request and should instead have stricken this motion.

To further complicate this situation, this court granted certiorari to review the court of appeals' decision even though the court of appeals denied certiorari on October 14, 1993, and the petition for writ of certiorari was not filed with this court until November 12, 1993. Under C.A.R. 52(b), in workers' compensation proceedings, the petition for writ of certiorari must be filed within fifteen days of the denial of the petition for rehearing. However, because I find that an exception to 52(b) should be carved out in workers' compensation proceedings, I would require that the petition for writ of certiorari be filed within fifteen days from the date of the court of appeals' denial of certiorari.